## LEVI THOMAS v. ALF. QUARLES ET AL.

(Case No. 1876.)

1. PARTIES.— A defendant, in trespass to try title, in possession by virtue of his wife's claim to the property, has no right to suspend proceedings in the cause until his wife can be made a co-defendant. His possession by virtue of his wife's claim may be defended without the necessity of making her a party. Her rights would not be concluded by the judgment, and the disadvantage which might result from her non-joinder as a defendant would affect the plaintiff alone.

2. PRACTICE IN SUPREME COURT.— The failure of the court to make a finding, when the case is tried without a jury, upon an issue fairly involved in the pleading and evidence, where the complaining party has not requested a finding upon it, cannot be made a ground of error when urged for the first time in the supreme court.

3. IMPROVEMENTS IN GOOD FAITH.— When, under a plea of improvements made upon land in good faith, the defendant fails to show the value of the land, without regard to the improvements, and there is no evidence on that point, he cannot recover, since his right under the statute is only to recover the difference between the value of the land with, and its value without, improvements.

ERROR from Anderson. Tried below before the Hon. F. A. Williams.

*Gammage & Gregg*, for plaintiff in error, on parties, cited: Pitts v. Ennis, 1 Tex., 604; Blair v. Gay, 33 Tex., 157; B. B. S. Channel Co. v. Bruly, 45 Tex., 7; De La Verga v. League, vol. 5, 33 Tex. L. Rev., p. 557.

That the wife was concluded by her long acquiescence in the occupancy and assertion of right by the child of a portion of the home tract of land, they cited: De Cordova v. Smith, 9 Tex., 129; Tiebout v. Millican, 61 Tex., 514; Wait's Actions and Defenses, vol. 6, p. 207, § 17.

That the homestead cannot be extended against the adverse occupant, beyond what it was at the death of the head of the family, they cited: Rogers v. Ragland, 42 Tex., 422; Hendrix v. Hendrix, 46 Tex., 6; Slavin v. Wheeler, 61 Tex., 654.

That the surviving wife could only recover on paying for improvements, they cited: Bond v. Hill, 37 Tex., 627.

*Thos. B. Greenwood*, for defendants in error, that the husband cannot make a parol gift of a portion of the homestead binding on the wife, cited: Const. of 1869, art. 12, General Provisions, sec. 14; art. 1003, P. D.; Berry v. Donly, 26 Tex., 746; Cross v. Everts, 28 Tex., 524; Fitzgeral v. Turner, 43 Tex., 79.

ROBERTSON, ASSOCIATE JUSTICE.— This was an action of trespass to try title to one hundred and sixty acres of land, and the defendant pleaded that he was in possession of a part of the tract, under no claim of his own, but by virtue of a right of his wife under a parol gift from her father, and prayed the suit might abate until his wife should be made a party by the plaintiff.   To this plea an exception was properly sustained in the court below.   The defendant could protect his possession under his wife's claim as well without as he could with her, without jeopardizing her rights by any judgment that could be recovered against him.   Read v. Allen, 56 Tex., 182.   The only disadvantage of such course is upon the plaintiff, in the necessity she may be under of litigating a second time the same matters.

The plaintiff, Cely Quarles, and her first husband, Richard Jasper, settled upon the one hundred and sixty acre tract in 1873 as a homestead.   Their children were all grown, and, with the exception of one son, living to themselves.   In the summer of 1875 Richard Jasper died.   Before his death he made a parol gift of a part of the tract in the southeast corner to his daughter, the wife of defendant, and defendant at once commenced to improve it.   The defendant says his wife was to have in this part of the tract one-third of the whole of it, but the boundaries of this part were not fixed, nor was it more definitely identified than as on the east side out of the southeast corner.   In the fall after the death of Richard Jasper, defendant moved his family into a house he had built in the southeast corner of the tract, and they continued to reside there from that date without interruption until the commencement of this suit on January 13, 1885.   The improvement he occupied was known as the Thomas place, and it was matter of general notoriety that Richard Jasper had given to Mrs. Thomas, the wife of defendant, a home on that part of the tract.   From time to time, since their occupancy commenced, the defendant had put in cultivation thirty acres of the land and made other permanent and valuable improvements.   The widow of Richard Jasper, who has ever since lived upon the tract as her home, in 1879 married Alfred Quarles, and some two or three years ago she and the defendant's family had a falling out over a church quarrel, and then for the first time she questioned the defendant's right to occupy the southeast portion of the home tract.   The improvements he had made were in sight of the plaintiff's residence, and while she testifies that she knew nothing of Mrs. Thomas' claim of title, it is believed that the fact, if deemed an issue in the court below, would have been found the

other way.   On the other hand, there is nothing in the record to
show any express concurrence on the part of Mrs. Jasper in the gift
made by her husband to Mrs. Thomas.   That the gift thus made
was void is not contested by counsel for plaintiff in error.   But the
entire one hundred and sixty acres was community property of
Richard and Cely Jasper, and Mrs. Thomas was the owner in fee
of an interest in the land.   Manifestly the plaintiffs below could
recover the exclusive possession only upon the right of homestead
existing in Mrs. Quarles.   Against this homestead right the defend-
ant urges:

First, that the demand is stale.   The homestead right asserted
by the plaintiff is the creature of constitutional and statute law.   Its
existence and maintenance depend upon no principle of equitable
jurisprudence.   The equitable defense of stale demand, generally
applicable only to the assertion of an equity after time has obscured
its origin, can therefore afford no defense to the purely legal right
involved in this controversy.

And second, that the plaintiff had abandoned her homestead claim
to this part of the one hundred and sixty acre tract.   We are con-
strained to believe that the court below, if requested to find upon this
issue, would have determined the question in favor of defendant; but
as there was no such request we cannot reverse the judgment upon this
ground.   The findings of law and fact, where a case is tried without
a jury, take the place of the charge of the court and verdict, and as
a judgment for the plaintiff upon a charge and verdict correspond-
ing to the findings of the court below would not be disturbed, be-
cause upon another issue not submitted to the jury a different result
might have obtained, where the court's failure to submit such
issue has not been called to its attention by a special charge, so the
failure of the court to make a finding upon an issue fairly involved
in the pleading and evidence, where the complaining party has not
requested a finding upon it, cannot be made a ground of error, in
effect, for the first time in this court.

In the court below the defendant pleaded improvements in good
faith, but on the trial there was no evidence of the value of the land
without the improvements, and hence their value and defendant's
good faith were not passed upon in the findings.   There was proof
of the value of the improvements made.   But the statute does not
award to the defendant such value, but only the difference between
the value of the land with, and its value without, the improve-
ments.   The defendant, therefore, in failing to prove the value of
the land, left the court below without the means of awarding him

the benefit of his plea. If the right under which the plaintiff recovered had been such as could only have been enforced in a court of equity, she would not have been permitted to recover without indemnifying the defendant for his improvements. Story's Eq., vol. 2, sec. 1238. But as already stated, her right and remedy were legal, and the defendant could, therefore, only rely upon his statutory right for such indemnity. If the plaintiff can obtain possession under the writ of restitution awarded against defendant, then, upon the expiration of plaintiff's possessory right, on partition of the fee defendant may at last get the benefit of his improvements.

There is no error in the judgment of the court below, and it will therefore be affirmed.

AFFIRMED.

[Opinion delivered October 23, 1885.]