CRUMP v. SANDERS. (No. 1401.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 15, 1915.)

1. ESTOPPEL ☞31 — DEED — EXECUTION AS TRUSTEE.

One who, as trustee of a lodge, executed a warranty deed conveying certain lots, of part of which he was then as an individual in adverse possession, but had not acquired title thereby, is estopped to claim such adverse possession against the grantee for any period prior to the execution of the deed, since an estoppel by deed applies to a grantor who executes it in a fiduciary or representative capacity.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 75–80; Dec. Dig. ☞31.]

2. IMPROVEMENTS ☞4 — BOUNDARIES — MISTAKE.

If the possession of the trustee was due to such mistake as to the boundary of the lots as would give him the full legal benefit of the mistake, the only right thereby protected was his right to the value of improvements made on the lots in good faith, since he admittedly had no title even by adverse possession.

[Ed. Note.—For other cases, see Improvements, Cent. Dig. §§ 4, 7–26; Dec. Dig. ☞4.]

3. TRESPASS TO TRY TITLE ☞56—RECOVERY FOR IMPROVEMENTS.

In order for defendant in trespass to try title to recover a judgment for improvements made in good faith, allowed by Rev. St. 1911, art. 7763, he must plead and prove that the value was increased by the improvements, since that is the measure of his recovery, not the value of the improvements made.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 87; Dec. Dig. ☞56.]

Error from District Court, Bowie County; H. F. O'Neal, Judge.

Trespass to try title by W. D. Sanders against A. G. Crump. Judgment for plaintiff, and defendant brings error. Affirmed.

R. H. Jones, of De Kalb, and Mahaffey, Thomas & Hughes, of Texarkana, for plaintiff in error. Smelser & Vaughan, of Texarkana, for defendant in error.

HODGES, J. This suit was instituted by the defendant in error against the plaintiff in error to recover the title and possession of lots Nos. 6 and 7 in the town of De Kalb, Tex. The lots are described by reference to a plot of the town made by the Texas & Pacific Railway Company which was recorded in the office of the county clerk of Bowie county. The defendant in error answered disclaiming as to a portion of lot No. 7, and as to the remainder by plea of not guilty and title by adverse possession for a period of more than 10 years. He also in a supplemental answer suggested improvements in good faith. At the conclusion of the evidence, the court gave a peremptory instruction in favor of the defendant in error for the title and possession of all the property sued for. The following is the substance of the undisputed facts upon which the defendant in error relies to support the verdict and judgment rendered: A conveyance by the Texas & Pacific Railway Company to A. M. Getts in February, 1901; a general warranty deed from Getts and wife to A. G. Crump, the plaintiff in error, R. T. Lacy, and J. B. Hatchell, trustees of De Kalb Lodge No. 285 Knights of Pythias, dated August 22, 1908, and duly recorded; a general warranty deed dated September 11, 1908, from R. T. Lacy, A. G. Crump, the plaintiff in error, and J. B. Hatchell, trustees of De Kalb Lodge No. 285 Knights of Pythias, to himself. The plaintiff in error proved as the basis of his claim that in 1901 he received a conveyance from the Texas & Pacific Railway Company to lots 1, 2, 3, 4, and 5 of block 4 as shown on the plot of the town of De Kalb; that about the time this purchase was made the agent of the railway company pointed out to him a point as his southwest corner, telling him that his land lay east of that point; that he relied upon that designation as his true southwest corner, and fenced all of lots 1, 2, 3, 4, 5, and 6 and a portion of lot No. 7; that he had been in possession of the property, claiming the same adversely, since that date. As rebutting the adverse claim of the plaintiff in error, the defendant in error offered in evidence the deed made by the trustees of the lodge of the Knights of Pythias, among whom was the plaintiff in error, conveying the property to defendant in error in 1908, as estopping the plaintiff in error from asserting any adverse claim based upon possession prior to that deed.

[1] The only assignments presented in the record are those which assail the right of the court to give a peremptory instruction.

The proposition is asserted that the evidence was conflicting upon the material issues involved, and presented questions which the court should have referred to the jury. The first question, probably, which arises in discussing these assignments, is: Did the evidence raise an issue of fact as to the acquisition of a title by the plaintiff in error by 10 years' adverse possession? It should probably be conceded that it does, unless the plaintiff in error is estopped by his deed as a member of the board of trustees of the Knights of Pythias Lodge executed in 1908. That deed the record shows contained a general warranty. It is now well settled by the decisions, both in this state and out of it, that the rule of estoppel by deed applies to a grantor who executes it in a fiduciary or representative capacity, as well as to one who conveys property in his own right. Corzine v. Williams, 85 Tex. 499, 22 S. W. 399; Parks v. Knox, 130 S. W. 203; A. F. L. M. Co. v. Walker, 119 Ga. 341, 46 S. E. 426; 16 Cyc. 712, and cases referred to in the notes. If that rule be applied in this instance, the appellant is estopped from claiming any personal rights, either to the title to the land in controversy or to the appurtenances situated thereon, which have not accrued since the execution of the deed as trustee for the lodge. It is not contended that at the date of this deed the plaintiff in error had any paper title to the property, or that he had then acquired a title by limitation. He does not deny that at that time the lodge had a perfect right to convey the title to the defendant in error. The extent of his contention is that he was then in possession under a baseless claim of ownership, which, if undisturbed, would have ripened into a title by limitation before the date of this suit.

The only purpose for which it becomes necessary to invoke an estoppel by deed in this instance against the grantor is to prevent him from claiming the benefit of a hostile prior possession. There certainly can be no injustice in construing his deed as implying the relinquishment of a claim which is admitted to be without foundation in either law or equity. It follows, then, that his adverse possession can only be permitted to date from a time subsequent to the date of his deed, and that restriction confines him to a term too short to perfect a title by limitation.

[2, 3] In order to escape the legal consequences of his deed, the plaintiff in error contends that he was mistaken as to the location of lots 6 and 7 described in the conveyance; that, had he known they were the same property on which his improvements stood, he would not have signed the deed as trustee for the lodge. It is not pretended that there was any mistake in the description of the property, or that the deed is in any respect erroneous. It is not claimed that the grantee knew of this mistake, or was guilty of any conduct which caused it to be made. This mistake, even if given full legal effect, can only be invoked to protect such property rights as the plaintiff in error had acquired at that time. According to both his pleadings and testimony, those rights were limited to his improvements made upon the property in good faith. In order to protect such rights, the party claiming them has the burden of proving the facts necessary to enable the court to render the judgment provided for in the statute. Thomas v. Quarles, 64 Tex. 491; Herndon v. Reed, 82 Tex. 647, 18 S. W. 665; Durham v. Luce, 140 S. W. 850. A failure to make such proof justifies a judgment refusing an allowance for improvements made in good faith. There was no proof whatever in this case of the value of the improvements or of the land, either with or without the improvements. But it is contended that the pleadings of the plaintiff in error suggesting such improvements were not denied, and that the facts there stated should be taken as admitted. Conceding, for the sake of argument, that this is a correct proposition, the facts are still insufficient when we look to that source. In the answer referred to, the plaintiff in error states only the nature of his improvements, and their value. The court could not upon such facts render the judgment provided for in article 7763 of the Revised Civil Statutes. In the first case cited above, the court said:

"In the court below the defendant pleaded improvements in good faith, but on the trial there was no evidence of the value of the land without the improvements, and hence their value and defendant's good faith were not passed upon in the findings. There was proof of the value of the improvements made. But the statute does not award to the defendant such value, but only the difference between the value of the land with, and its value without, the improvements. The defendant therefore, in failing to prove the value of the land, left the court below without the means of awarding him the benefit of his plea. If the right under which the plaintiff recovered had been such as could only have been enforced in a court of equity, she would not have been permitted to recover without indemnifying the defendant for his improvements. Story's Eq. vol. 2, § 1238. But, as already stated, her right and remedy were legal, and the defendant could therefore only rely upon his statutory right for such indemnity."

That language is applicable to the conditions disclosed by the record before us. The suit is one to recover possession of land. The occupant pleads improvements in good faith. His remedy is statutory. Having failed to make the proof necessary to enable the court to give the statutory relief, he is not entitled to its recovery.

The judgment is affirmed.