NORTH TEXAS LUMBER CO. v. FIRST NAT. BANK OF ATLANTA.
(No. 1586.)

(Court of Civil Appeals of Texas. Texarkana. May 11, 1916.)

1. DEEDS ⬤⟿41—VALIDITY—DESCRIPTION.

Deeds through which plaintiff in a suit to recover land deraigned title describing the land as "in Cass county, Texas, on the water of Frazier creek, being the headright survey of Levi Barron, patented to Elijah Echols, as assignee, abstract No. 117, certificate No. 2150, patent No. 207, containing three hundred and twenty acres, fully described in deed from J. P. Herring and L. A. Ellis to W. M. Dunn and Wurtzbaugh"; and another describing "all that certain tract of land situated in Cass county, Texas, being the Levi Barron headright, patented to Elijah Echols and deeded to me by Wm. R. Bradford April 16, 1908, to which deed reference is here made for better description and same is made a part hereof," were not void on their face for lack of description.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 84; Dec. Dig. ⬤⟿41.]

2. TRESPASS TO TRY TITLE ⬤⟿35(4)—PLEADING—DESCRIPTION—VARIANCE.

Such descriptions were not a variance from a petition describing the land as "three hundred and twenty acres of land patented by the state of Texas to Elijah Echols, assignee of Levi Barron, December 8, 1851, patent No. 207, vol. 6," followed by a description by metes and bounds, as amended to allege that the land was referred to in the first deed as the "Levi Barron" survey, when it should have been the "Levi Barrow" survey, and that the reference to "J. P. Herring" should have been "J. P. Hurvey," and to allege that the recital in the second deed that the land was the headright survey of "Levi Barron" patented to Elijah Echols should have read patented to "Elijah Echols, assignee of Levi Barrow."

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 50; Dec. Dig. ⬤⟿ 35(4).]

3. TRESPASS TO TRY TITLE ⬤⟿41(1)—VERDICT —SUFFICIENCY OF EVIDENCE.

In a suit to recover land deraigned from a patent wherein defendant endeavored to prove

title by showing that a lumber company furnished the money with which plaintiff predecessor purchased from the common source of title, and that defendant had acquired the interest of the lumber company, evidence *held* to sustain a directed verdict for plaintiff for the title and possession of the land.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 62; Dec. Dig. ☞41(1).]

4. TROVER AND CONVERSION ☞52—TIMBER—GOOD FAITH—DAMAGES.

Where the trespass is not willful, but is the result of an honest mistake, the trespasser is liable only for the value of the timber converted while in its natural state, and not in its manufactured state.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 269–271; Dec. Dig. ☞52.]

5. APPEAL AND ERROR ☞1151(2)—JUDGMENT —MODIFICATION.

In a suit to recover land, an item of the judgment for plaintiff, allowing for timber converted its value in its manufactured state, may be reformed so as to reduce it to the value of the timber in its natural state, and the defendant and appellant could not complain of such reduction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4498–4500, 4503–4505; Dec. Dig. ☞1151(2).]

6. JUDGMENT ☞248—CONFORMITY TO PROOF—IMPROVEMENTS.

In a suit to recover land where there was no evidence of the value of the land with or without the improvements, there was no basis for any judgment allowing the value of improvements in good faith.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 434; Dec. Dig. ☞248.]

7. TAXATION ☞531(2) — TRESPASS TO TRY TITLE ☞60 — PAYMENT — SUBROGATION — JUDGMENT.

In such suit, the court correctly refused to allow the defendant reimbursement for the taxes on the land paid by it, as having no title either to the land or the timber, its payment was made as a volunteer not entitling it to subrogation.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 987; Dec. Dig. ☞531(2); Trespass to Try Title, Cent. Dig. § 91; Dec. Dig. ☞60.]

Appeal from District Court, Cass County; J. A. Ward, Judge.

Suit by the First National Bank of Atlanta, Tex., against the North Texas Lumber Company. Judgment for plaintiff, with findings of rent and damages due plaintiff, and defendant appeals. Reformed and affirmed.

W. B. Figures, of Atlanta, and Glass, Estes, King & Burford, of Texarkana, for appellant. O'Neal & Allday, of Atlanta, for appellee.

HODGES, J. In August, 1913, the appellee instituted this suit against the appellant to recover 320 acres of land described as situated in Cass county, Tex., the Levi Barrow survey patented to Elijah Echols, assignee of Barrow, patent No. 207, also to recover rents and damages for the conversion of timber. The appellant, defendant below, pleaded limitation of five and ten years in bar of the claim for the land, and

two years against the recovery of rents, and asked for reimbursement for improvements made in good faith and for the recovery of taxes which it claimed to have paid on the land after it acquired possession. The appeal is from an instructed verdict in favor of the appellee.

It was agreed on the trial below that E. P. Goodman was the common source of title. It was also agreed that the appellant had received rents amounting to $127.50; that the value of the timber cut by it from the land in controversy amounted to $57, and in its manufactured state to $370; that the value of the improvements placed upon the land by the appellant amounted to $350, and the taxes paid by it to $65. Under the direction of the court the jury found for the appellee rents amounting to $127.50, and damages in the sum of $370. There was no allowance for improvements or for taxes paid by the appellant.

[1, 2] The appellee deraigned title as follows: Deed from Goodman to W. R. Bradford, dated June 18, 1907; deed from Bradford to R. M. Morris, dated May 23, 1908; deed from Morris to the appellee, dated September 7, 1912. When the deeds from Bradford to Morris and from Morris to the appellee were offered in evidence objections were made upon the ground that they were void for want of description, that there was a variance between the description contained in them and that of the land as set out in the appellee's pleadings, and that they did not convey the land sued for. The land is described as follows in the appellee's amended original petition:

"Three hundred and twenty acres of land patented by the state of Texas to Elijah Echols, assignee of Levi Barrow, December 8, 1851, patent No. 207, Vol. 6."

Then follows description by metes and bounds.

The description in the deed from Bradford to Morris is as follows:

"In Cass county, Texas, on the water of Frazier creek, being the headright survey of *Levi Barron*, patented to Elijah Echols as assignee, abstract No. 117, certificate No. 2150, patent No. 207, containing three hundred and twenty acres, fully described in deed from *J. P. Herring* and L. A. Ellis to W. M. Dunn and Wurtzbaugh, being the headright survey of *Levi Barron.*"

The appellee pleaded in its second amended original petition, upon which the case was tried, that the deed from Bradford to Morris contained an erroneous description; that through a mistake the land was referred to as the "Levi Barron" survey, when it should have said the "Levi Barrow" survey; that a mistake was also made in that part of the deed which referred to J. P. "Herring"; that it should have said J. P. "Hurvey." It was further alleged that the description in the deed from Morris to the appellee contained the following description:

"All that certain tract of land situated in Cass county, Texas, being the 'Levi Barron' headright, patented to Elijah Echols and deeded to me by Wm. R. Bradford April 16, 1908, to which deed reference is here made for better description and same made a part hereof."

It was averred that in writing this deed the parties, through mistake, recited that the land was the headright survey of "Levi Barron" patented to Elijah Echols, when it should have stated that it was patented to "Elijah Echols, *assignee* of Levi Barrow"; and they made the further mistake, as to the date of the deed from Bradford to Morris, that instead of describing that date as *April 16, 1908*, it should have described it as *May 23, 1908*.

Neither of these deeds was void upon its face for lack of description, nor was there a variance between the description contained in the pleadings taken in their entirety and those contained in the deeds such as would justify the court in rejecting the evidence upon that ground alone.

The question then is: Are these descriptions sufficient to constitute muniments of title to this particular tract of land? No issue was joined upon the averments of mistake, as set out in the appellee's amended original petition. And there appears to be no controversy as to the identity of the land being the same in each particular transfer. There was testimony, undisputed, that the tract of land was generally known as the "Levi Barron survey." Bradford, Daniels, and Morris testified, without any objection, that the transfers were made, and they all refer to the land as being the same as that originally owned by Goodman and purchased from him by Bradford. The testimony, we think, was sufficient to warrant a judgment correcting the descriptions and making them conform to that set out as the correct one in the appellee's original petition, had this been necessary.

The deeds being properly in evidence, the appellee established a well-connected chain of title from the common source, and was entitled to judgment, unless there was sufficient opposing evidence.

[3] The appellant endeavored to prove title by showing that the Twelve Pines Lumber Company, a private corporation, furnished the money with which Bradford purchased from Goodman, and that it became thereby the real beneficial owner of the land. There was testimony offered sufficient to show that the appellant had acquired all of the interest which the Twelve Pines Lumber Company owned in any lands in that county. As tending to prove that the Twelve Pines Lumber Company had furnished the consideration for the purchase by Bradford from Goodman, the appellant offered the testimony of Wesley Morse. Morse would have testified, in substance, that Goodman purchased the land for the benefit of the Kiota Lumber Company—that is, in order that this company might have the timber growing thereon; that the Kiota Lumber Company furnished $1,200 of the consideration paid by Goodman; that Goodman immediately deeded the timber to the Kiota Lumber Company, keeping title to the land under an agreement that he was to have that as his profit from the enterprise. But this timber deed was afterwards lost. Before another deed was executed Goodman conveyed to Bradford, without reserving the timber rights. It appeared that Bradford had paid $1,000 of the consideration to Goodman by a draft drawn on him through a bank in Shreveport. This draft was afterwards found among the papers and effects of the Twelve Pines Lumber Company turned over to the appellant company after its purchase of all the rights and properties of that company from the receiver, who then had control of its assets. Morse would also have detailed a conversation which he had with a man by the name of Coke, who occupied an official position in the management of the Twelve Pines Lumber Company, in which Coke admitted that the Twelve Pines Lumber Company had outwitted the Kiota Lumber Company and acquired both the land and the timber. All of this testimony was, upon objection, excluded, the court holding that the evidence was not relevant upon the issue of title. Bradford testified by deposition that he bought the land for Rus Daniels, who at that time was an officer in the management of the Twelve Pines Lumber Company; that he knew nothing of the Twelve Pines Lumber Company in the transaction; that Daniels furnished the money which constituted the consideration paid to Goodman. Daniels testified also by deposition that the purchase was made for him by Bradford, that he furnished the money from his individual funds, and that the Twelve Pines Lumber Company had no connection with the transaction whatever, and had no interest in the land. This testimony was not contradicted. Had the testimony of Morse and other similiar witnesses been admitted it would not have been sufficient to overcome this positive and direct evidence that the Twelve Pines Lumber Company had no interest in the purchase made by Bradford. The failure to establish that connection defeated any claim of right by the appellant. The court therefore, we think, correctly instructed a verdict in favor of the appellee for the title and possession of the land. It is conceded that the appellant had received $127.50 as rents, and the judgment for that sum was also correct.

[4] But it does not follow that the court was correct in directing a verdict against the appellant for $370, the value of the timber in its manufactured state. The rule so far adopted by the courts in this state seems to be that where the trespass was not willful, but the result of an honest mistake, the trespasser is liable only for the value of the

property converted while in its natural state. Railway Co. v. Jones, 34 Tex. Civ. App. 94, 77 S. W. 955; Young v. Pine Ridge Lumber Co., 100 S. W. 784; Werner Stave Co. v. Pickering, 55 Tex. Civ. App. 632, 119 S. W. 333. The evidence offered and rejected, when considered in connection with that which was admitted, was sufficient at least to present an issue for the jury as to whether the appellant acted in good faith and under an honest belief that it had a legal right to appropriate the timber.

[5] The appellee in its brief has suggested that if this court should hold that the trial court erred as to this item the judgment may be reformed. We assume that this suggestion is made in order to prevent a reversal and remand of the case. If we act upon that suggestion we shall be compelled to reduce this item of damages to $57, the agreed value of the timber in its natural state. Of this the appellant cannot complain. If the appellee prefers another trial to this reduction, that fact can be made known in a motion for rehearing. This modification also renders harmless the ruling of the court in excluding the proffered testimony of Morse and other witnesses whose testimony would have been substantially the same.

[6] There was no error in refusing to allow for improvements in good faith. There was no evidence of the value of the land, with or without the improvements, and hence no basis for any judgment allowing the value of improvements in good faith had the evidence been sufficient to warrant a submission of that issue. Crump v. Sanders, 173 S. W. 559.

[7] The court also correctly refused to allow the appellant reimbursement for the taxes which it had theretofore paid upon the land. The appellant had no title whatever either to the land or the timber, and when it paid the taxes it did so as a volunteer and could not claim the right of subrogation. Capts v. Stubbs, 68 Tex. 222, 4 S. W. 467; McCormick v. Edwards, 69 Tex. 106, 6 S. W. 32; Mumme v. McCloskey, 28 Tex. Civ. App. 83, 66 S. W. 853.

The judgment of the district court will be reformed as before indicated, and affirmed; but the costs of this appeal will be taxed against the appellee.