BEMROD v. WRIGHT et al. (No. 2493.)

(Court of Civil Appeals of Texas. Amarillo. May 20, 1925.)

1. **Limitation of actions ⬤⟹202(2)—Appellate court in support of judgment may presume that proceedings were such as to interrupt running of limitations, in absence from record of facts to contrary.**

In support of judgment for defendants in trespass to try title, the appellate court may presume, where the record fails to show when suit was first filed or the date of amended petitions, that proceedings were such as to interrupt running of 10-year statute of limitations, even if evidence sufficiently showed that limitation had commenced to run in favor of plaintiff.

2. **Adverse possession ⬤⟹13—Must be peaceable and continuous under claim of right hostile to claim of owner.**

One claiming title by "adverse possession" under 10-year statute must show that he had peaceable and continuous possession of the premises, cultivating, using, or enjoying same, begun and continued under claim of right inconsistent with and hostile to claim of owner, amounting to disseisin of owner.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Adverse Possession.]

3. **Adverse possession ⬤⟹24—Casual and incomplete possession, not hostile to claim of owner, insufficient.**

Facts showing casual and incomplete possession, not showing an exclusive claim, adverse and hostile to claim of owner, are insufficient to show title by adverse possession under 10-year statute.

4. **Adverse possession ⬤⟹20—Improvements, made within 10-year period, cannot be considered.**

Improvements, made within 10-year period by party claiming title by adverse possession under 10-year statute, cannot be considered.

5. **Adverse possession ⬤⟹114(1)—Adverse possession under 10-year statute held not established.**

Plaintiff *held* not to have established adverse possession under 10-year statute.

6. **Improvements ⬤⟹4(5)—Measure of compensation for improvements is enhancement in value of land and not cost of improvement.**

The measure of recovery for improvements is enhancement of value of land by reason of improvements and not cost thereof.

7. **Improvements ⬤⟹4(2)—Plaintiff, attempting to acquire title by limitation, not entitled to recover for improvements.**

Where plaintiff attempted to acquire land with hope of perfecting title by statute of limitations, he did not act in such good faith as to entitle him to reimbursement for improvements.

Appeal from District Court, Wichita County; E. W. Napier, Judge.

Trespass to try title by J. P. Bemrod against George S. Wright and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Bonner, Bonner & Sanford, of Wichita Falls, for appellants.

Yarbrough & Tipton, of Electra, for appellee.

HALL, C. J. The appellant, as plaintiff in the court below, brought this suit against Wright and others, appellees, in trespass to try title to recover a vacant lot in Wichita Falls. In addition to the formal allegations in trespass to try title he alleged that he had been in the actual, open, notorious, peaceable, hostile, and adverse possession of the lot continuously, claiming the same as his own in fee simple, for a period of more than 10 years next preceding the institution of the suit. He alleged that the defendants were claiming some interest in, or lien upon, the property, and prayed for judgment for the title and possession of the premises, that the defendants' claim be canceled, and for the removal of clouds upon his title.

Some of the defendants filed disclaimers; some were dismissed from the action; and the issues tried were as to the defendants

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Ed Yarbrough and B. W. Tipton, as individuals and as partners, and B. F. Forbes and E. D. Forbes.

By supplemental petition plaintiff alleged that he had, in good faith, expended $500 in the preservation and improvement of the lot by constructing sidewalks, fences, filling low places in it with soil, and for taxes.

The case was tried without a jury, and the court, after hearing the testimony, rendered judgment in favor of the above-named defendants for the title and possession of the property, and against plaintiff as to the sum which he claims he had expended for improvements.

By three propositions it is urged that the evidence wholly failed to show any title or right of possession of the defendants or either of them; that the uncontroverted evidence showed that plaintiff was in possession at the time the suit was filed, and wholly failed to show any better right to possession in the defendants, because the overwhelming weight of the evidence showed that plaintiff had had actual, open, peaceable, notorious, and hostile possession of the lot continuously for more than 10 years preceding the institution of the suit. The court filed no findings of fact, and the judgment reflects his conclusions of law.

[1] We conclude from the record that the plaintiff predicated his right to recover upon the 10-year statute of limitations. The case was tried upon plaintiff's second amended original petition, which, the record shows, was filed in December 17, 1923. The disclaimer of Geo. S. Wright was filed December 3, 1923. There is nothing in the record from which we may determine when the original petition was filed. The second amended original petition does not point out "with its date" either the original petition or the first amended original petition which it seeks to amend, as required by district and county court rule No. 13. The plaintiff states that he thinks he filed suit in May, and that he thinks one suit was filed in January, and paid taxes in April, and then refiled the suit in May, but he does not give the year in which either suit was filed. As far as we are able to determine, the action may have been instituted several years before the case was tried in 1924, and we may presume, in support of the court's judgment, that the proceedings were such as to interrupt the running of the statute, even if the evidence sufficiently showed that limitation had really commenced to run in favor of the plaintiff.

[2-4] One claiming property under the 10-year statute must show that he has had peaceable and adverse possession thereof, cultivating, using, or enjoying the same, and his possession, to be adverse, must amount to disseisin of the owner. It must consist of an actual and peaceable appropriation of the land, begun and continued under a claim of right inconsistent with, and hostile to, the claim of the owner. Such possession must indicate clearly an assertion of a claim of ownership in the occupant. The plaintiff never actually resided upon the lot in question. He testifies that in 1917, and for several years since, he had a garden and raised a few vegetables on a part of the lot, and that beginning about that time he had a chicken yard and some chickens on it. He testifies that when he was conducting his saloon business on the adjoining lot he stored some boxes, cartons, and other things on the vacant lot. How often this was done, to what extent, and how long it was used for that purpose is not shown. It appears that he permitted some of his neighbors to graze their milk cows for two or three years at different times on the lot, and, according to his testimony, he fenced it in 1911 or 1912. He further testified that he had some loads of dirt, rocks, and rubbish hauled and emptied into the edge of the lake or depression that formed a part of the lot, but his testimony, as well as the evidence of two witnesses, is uncertain and indefinite as to when this was done. Facts constituting casual and incomplete possession, not showing an exclusive claim hostile, adverse and entirely inconsistent with the claim of the owner, are not sufficient. He testified that he had a sidewalk built in front of the lot, and put some peach trees on the lot in 1912, 1913, or 1914. He testified that he paid for building the sidewalk in 1913. Improvements made within the 10-year period cannot be considered. Bailey v. Kirby Lumber Co. (Tex. Civ. App.) 195 S. W. 226. A letter was introduced addressed to Ed Forbes, dated May 5, 1916, signed by H. Nutt, city attorney of Wichita Falls, which states that the sidewalk in front of the lot had been at that time completed about 60 days, and calling upon Forbes to pay $37.50 to the city, and in satisfaction of the city's lien against the property for the work. The facts stated in this letter are not questioned by any one, and, if true, he missed the date of the construction of the sidewalk about 3 years, even if he is correct when he says that he paid for it himself. Ed Forbes, who is the son of Buford Forbes, and who at one time owned the lot, testified that he visited Wichita Falls several times while he was acting as agent for his father in looking after the lot, and in 1916 he went out and looked over the lot, and at that time there was no fence around it; that he never knew that plaintiff was claiming possession until the suit was filed; that he had been to the lot several times since 1908. He said he saw one wire stretched across the front of it at one time, but never saw any fruit trees on it; nor was there a garden there. He admits that there was about a wagon load of

tin cans thrown into the depression at one time he visited it.

Seven or eight witnesses testified for the appellant with reference to the fence and its condition, and three or four of them stated that Bemrod had paid them for hauling dirt for filling in the lot, which, it seems, extended, in part, out into the lake. There is so much uncertainty in their evidence in regard to the dates when their work was done that, even if the act of Bemrod in filling in the lot could be construed as an act indicating adverse hostile posession, we think the court was justified in disregarding it. It was not shown whether the sidewalk was constructed upon the lot, or upon the street which belonged to the city, nor was it shown that the construction of the sidewalk, even if Bemrod paid for it, was necessary to, or connected in any way with, his use of the lot. The probative force of that fact is therefore negligible, save as it may tend to show a claim or ownership adverse to the record owner. If it be accepted for that purpose, it would prove that this claim was first asserted in 1916, less than 10 years before the institution of the suit. Even though it be admitted that the lot was fenced for 10 years consecutively, this would not amount to adverse possession, unless plaintiff was cultivating, using, or enjoying the lot for the full term consecutively before the defendants asserted their claim. Only a part of it had been cultivated for a few years. While he had a warehouse upon the corner lot, which it seems was about 3 years, he stored crates and cartons from his saloon on a part of the lot occasionally. This would not be such cultivating or using as would satisfy the requirements of the law that possession of this character must be open, notorious, hostile, and peaceable, and, moreover, must be under a claim of right against the true owner.

[5] The burden rested upon the plaintiff to show such possession, claim, and right as would satisfy the requirements of the law. The trial judge was not required to accept as true the evidence of plaintiff or any of his witnesses. and, because of its uncertain and indefinite character, we think he was justified in disregarding it. Carlock v. Willard (Tex. Civ. App.) 149 S. W. 363; Buie v. Penn (Tex. Civ. App.) 172 S. W. 547; Cline v. Booty (Tex. Civ. App.) 175 S. W. 1081; Houston Oil Co. of Texas v. Stepney (Tex. Civ. App.) 187 S. W. 1078; Stringer v. Johnson (Tex. Civ. App.) 222 S. W. 267.

[6, 7] Plaintiff next complains of the failure of the court to give him a judgment for the value of his improvements. This proposition is without merit. Plaintiff does not allege that the improvements added anything to the value of the land. The measure of recovery for improvements by the defendant is the enhancement of the value of the land by reason of the improvements, and not the cost thereof, since it must be a benefit to the owner in enhanced value to estop him from denying the right of defendant to compensation for improvements. Sheffield v. Meyer (Tex. Civ. App.) 229 S. W. 614; Crump v. Sanders (Tex. Civ. App.) 173 S. W. 559; Raley v. D. Sullivan & Co. (Tex. Civ. App.) 159 S. W. 99. The facts show that plaintiff attempted to acquire the land with the hope of perfecting title by the statute of limitations, and therefore he did not act in such good faith as to entitle him to reimbursement for the improvements he claims to have made. Staley v. Stone, 41 Tex. Civ. App. 299, 92 S. W. 1017.

We think a proper judgment has been entered in the case. The judgment is therefore affirmed.