## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. LARUE.

No. 919.

Court of Civil Appeals of Texas. Waco.

May 1, 1930.

E. B. Perkins, of Dallas, E. A. Landman, of Athens, and Richard & A. P. Mays, of Corsicana, for appellant.

Bishop & Holland and Wynne & Wynne, all of Athens, for appellee.

GALLAGHER, C. J.

This suit was instituted by appellant, St. Louis' Southwestern Railway Company of Texas, against appellee, E. B. Larue, in form of trespass to try title to recover a tract of land constituting a part of its right of way in the city of Athens. Appellant claimed the land sued for under record title and by limitation. Appellee pleaded not guilty, the three, five, and ten years statutes of limitation, and improvements in good faith of the alleged value of $1,500.

The case was submitted on special issues. The only issues of title submitted were the claims of limitation asserted by the respective parties. The jury found that appellant had title to the entire tract sued for by limitation; that appellee did not have title thereto by limitation; and for appellee in the sum of $2,000 as the value of permanent improvements placed by him in good faith upon said land before the institution of this suit. The court rendered judgment on the verdict in favor of appellant against appellee for the land sued for, with writ of possession therefor "in terms of law." Appellee having remitted the sum of $500 of the amount awarded him by the jury for permanent improvements made on said land, the court rendered judgment in his favor against appellant for the sum of $1,500, with legal interest from date, to be paid on or before one year after date of judgment. Said judgment further provided that, when said sum was so paid, the right and title to said improvements should vest in and become the property of appellant, and that the writ of possession awarded appellant should not issue until it had paid said amount to appellee.

Neither party complained in the court below of the judgment awarding appellant a recovery of the land sued for. Appellant by motion for new trial complained of the judgment against it in favor of appellee and the provision thereof withholding its writ of possession until it paid said judgment. Said motion was overruled. Appellant has perfected an appeal with supersedeas from the judgment against it in favor of appellee as aforesaid.

### Opinion.

Appellant by various propositions assails the verdict of the jury assessing the value of the improvements placed on the land in controversy by appellee at the sum of $2,000, and the judgment of the court awarding appellee a recovery against it in the sum of $1,500 on account of such improvements. Appellee alleged that he had erected on the land in controversy a warehouse and pea plant; that the same constituted permanent and valuable improvements thereon, and that such improvements enhanced the value thereof in the sum of $1,500. No other improvements were alleged. Appellee introduced in evidence a deed from the Athens Fire Brick Company, conveying to him all the land in controversy except a small triangular tract at the northeast end. No deed conveying such triangular tract to either party was introduced. This suit was instituted December 17, 1926. Appellant's original petition did not include said triangular tract, but its amended petition filed May 27, 1927, did include the same. The trial occurred February 23, 1929. Appellee testified that the first improvement placed by him on the land in controversy was made in January or February, 1924, and consisted of a warehouse constructed of corrugated iron; that he also built a pea plant thereon in 1925, and thereafter in May or June, 1927, built an addition thereto; that these improvements cost him between a thousand and fifteen hundred dollars; that the first building cost five or six hundred dollars and the second building not over a thousand dollars, and that the cost of the two buildings did not exceed two thousand dollars. We deem it proper to state in this connection that appellee further testified that in 1927 and 1928 he placed certain improvements on the triangular tract. Such improvements were not mentioned in his pleadings, and the major part, if not all the same, were placed thereon after appellant's amended petition, including said tract in the land sued for by it, was filed. The improvements on said triangular tract need not therefore be further considered herein. The testimony disclosed that about two-thirds of the warehouse built by appellee was situated on his own land and about one-third only thereof on the land in controversy. The testimony with reference to the location of the pea plant is very indefinite, but, considered in the light most favorable to appellee, only a part, and probably a small part thereof, was situated on the land in controversy. There was no testimony with reference to the value of either of such structures or of the fractional parts thereof situated on the land in controversy at the time of trial. Neither was there any testimony with reference to the value of appellant's land with or without such improvements, nor that the value of the same was in any way enhanced by the fact that fractional parts of said buildings were situated thereon.

The recovery by the defendant in a trespass to try title suit of compensation for permanent and valuable improvements erect-

ed by him in good faith on the land recovered by the plaintiff in such a suit is regulated by specific provisions of our statutes. R. S. arts. 7393 to 7401, inclusive. One of such provisions is that the recovery for such improvements shall be the value of the same at the time of trial, not to exceed the amount the value of the premises is actually enhanced thereby. The statute is based on equitable principles, and makes the benefits accruing as a result of such improvements to a party recovering lands in dispute the measure of his liability to the adverse claimant, rather than the loss sustained by such claimant in surrendering possession. Our courts have held that the measure of such benefit is the difference in value at the time of trial of the premises recovered with and without such improvements. Thomas v. Quarles, 64 Tex. 491, 493; Herndon v. Reed, 82 Tex. 647, 653, 18 S. W. 665; Durham v. Luce (Tex. Civ. App.) 140 S. W. 850, 855, par. 16; North Texas Lumber Co. v. First Nat. Bank (Tex. Civ. App.) 186 S. W. 258, 261, par. 6; Bemrod v. Wright (Tex. Civ. App.) 273 S. W. 938, 940, par. 6; Crump v. Sanders (Tex. Civ. App.) 173 S. W. 559, 560, par. 3.

The issue submitted by the court required the jury to find "the value of the permanent improvements placed on the land in controversy" by appellee prior to the filing of this suit. Appellant objected to such issue on. the ground, in substance, that the only evidence before the court was with reference to the original cost of such improvements, and not the increased value, if any, of the land resulting therefrom. The court overruled the objection, and the jury answered said issue as above recited. Appellant contends that the verdict returned is without support in the evidence. We think such contention should be sustained. The only testimony upon which a finding as to the value of said two buildings could be predicated was the rather indefinite statements of appellee concerning the cost of erecting the same in the years 1924 and 1925, including possibly an addition to one of them in the year 1927. Such testimony was of. course wholly insufficient to show the value of said buildings at the time of trial in 1929, much less the value of the fractional parts thereof which were situated on the land recovered by appellant. There being no testimony with reference to the value of the land with or without said fractional parts of said buildings, we cannot imply a finding by the trial court that the difference in the value of said land with and without such improvements was the same as the value of said improvements as found by the jury. Appellant's further contention that the judgment rendered against it in favor of appellee for the sum of $1,500 as the value of such improvements is not supported by such finding, nor by any implied finding in aid thereof justified by the evidence, must therefore also be sustained. Authorities supra.

Appellant by various propositions assails the judgment of the court on the ground that the provisions thereof with reference to the issuance of a writ of possession are not in accord with the provisions prescribed by the statutes in such cases. Appellant's contention is sustained. There is a material difference between the provisions of said judgment with reference to the issuance of such writ and the provisions prescribed in the articles of the statutes above cited. The judgment should have provided in terms for its enforcement by writ of possession in the manner so prescribed. West Lumber Co. v. Chessher (Tex. Civ. App.) 146 S. W. 976, 981 to 983, inclusive, pars. 12 and 13 (writ refused).

There being no complaint by either party of the judgment in favor of appellant for the recovery of the land sued for, the same is affirmed. The judgment in favor of appellee for $1,500 on account, of improvements made on said land is reversed, and as to such issue the cause is remanded for another trial.