## PENNYBAKER et al. v. ATWOOD.
### No. 12664.

Court of Civil Appeals of Texas. Fort Worth.
April 16, 1932.

Rehearing Denied May 23, 1932.

Frank R. Graves and W. F. Kelly, both of Fort Worth, for appellants.

A. J. Power, of Fort Worth, for appellee.

CONNER, C. J.

Matt Atwood instituted this suit on October 8, 1930, against T. S. Pennybaker, Frank R. Graves, and S. F. Houtchens, alleging, in substance, that on or about the 12th day of February, 1927, the defendant Pennybaker had instituted a suit against the plaintiff in the Ninety-Sixth district court of Tarrant county to recover from him lot 7 in block 6 of Brooklyn Heights addition to the city of Fort Worth; that at the time said suit was instituted plaintiff was the owner and in peaceable possession of the lot and enjoying the fruits and revenues thereof; that upon the institution of the suit the plaintiff Pennybaker applied for and caused to be duly executed a writ of sequestration by giving bond therefor duly executed by the defendants Pennybaker, Graves, and Houtchens, payable in the sum of $1,200 and conditioned that Pennybaker would pay to the defendant Atwood all damages that might be awarded against him and all costs in case it should be decided that the writ of sequestration in the cause was wrongfully issued; that by virtue of said writ and bond the defendant Pennybaker caused the seizure of said lot and has retained possession and the use and benefit

thereof ever since; that in said suit Pennybaker claimed to be the owner of the lot involved, but that plaintiff Atwood also claimed the ownership, which issue in said suit was joined and duly determined in favor of plaintiff Atwood, judgment therein being rendered in his favor; that the plaintiff Pennybaker thereafter duly prosecuted an appeal to the proper Court of Civil Appeals, which affirmed the judgment of the district court, and that, upon an application for a writ of error to the Supreme Court, said writ of error was denied, whereby said judgment in plaintiff Atwood's favor became final and absolute.

It was further alleged that at the time of the levy of said writ of sequestration the lot had a reasonable market value of $2,400, and that its rental value was from $20 to $35 a month. It was further alleged that said writ of sequestration had been wrongfully issued, and the prayer was for the recovery of damages in the sum of $1,275.

The defendant answered by demurrers, a general denial, and specially to the effect, among other things, that at, prior to, and during the proceedings in the suit of trespass to try title by Pennybaker against Atwood, Pennybaker was the owner of the record title to said lot 7, and that, in order to protect the same, he had in good faith paid thereon the city, county, and state taxes during that time, aggregating the sum of $92.33, which was pleaded as an offset against any judgment in Atwood's favor for the value of the rentals.

The case was submitted to a jury upon a single issue, in answer to which the jury found that the reasonable monthly rental value of the said lot from February, 1927, to June, 1928, inclusive, was $12.50 a month. Upon the evidence submitted, the verdict of the jury, and supplemental findings by the court that the writ of sequestration had been wrongfully issued, and that defendant was entitled to an offset of $46.50 upon his cross-action for taxes, judgment was rendered in favor of plaintiff Atwood for $157.50, together with interest at 6 per cent. per annum until fully paid. From the judgment so rendered, the defendants, Pennybaker, Graves, and Houtchens, have duly prosecuted this appeal.

In appellant's propositions 1 to 11, inclusive, it is insisted that the court erred in admitting the pleadings and other various proceedings in the former suit of trespass to try title, on the ground that they were immaterial, irrelevant, incompetent, and hearsay. But it seems clear that the various proceedings, including the final judgment in that case, were competent as showing that, at the time of the writ of sequestration and the execution of the bond declared upon, the title to the lot in controversy was in appellee and not in appellant, and hence that the writ of sequestration and appellant's possession of the lot was wrongful.

In proposition 12 it is insisted that the court erred in excluding evidence showing that appellant Pennybaker was the record owner of the lot at the time of the issuance and levy of the writ of sequestration. We fail to find error in this ruling of the court. This testimony would have been relevant, of course, as showing appellant's good faith had appellee been claiming exemplary damages, but no such issue was presented by appellee, and the uncontradicted evidence shows that, for some 14 years prior to the institution of the suit in which the writ was issued, appellee Atwood had actual, peaceable, and adverse possession of the lot in controversy, cultivating, using, and enjoying the same, thus acquiring full title superior to all others under our ten years statute of limitation, as had been so adjudged in that suit. See articles 5510 and 5513, Rev. Civ. Statutes; Burton's Heirs v. Carroll, 96 Tex. 320, 72 S. W. 581.

In proposition 13, the last, error is assigned to the action of the court in excluding evidence of the payment of the taxes prior to the year 1924. The court admitted evidence of the payment of taxes by Pennybaker for the years 1924, 1925, 1926, and 1927, in the aggregate amount of $46.56, for which credit was allowed as hereinbefore stated, but, if the witness had been permitted to testify fully, as requested, he would have testified to the payment of additional taxes for previous years, aggregating $45.77, thus bringing the total amount paid by him to $92.33, as alleged in defendant's cross-action. The legal right, if any, of the defendant to recover the taxes for years preceding 1927, made the basis of his cross-action, appears to have been barred under our two and four years' statutes of limitation. Moreover, it has been distinctly held that a person without title to land and paying taxes thereon does so as a volunteer, and cannot claim the right of subrogation. See Southern Home B. & L. Ass'n v. Thomson, 24 Tex. Civ. App. 76, 58 S. W. 202; Marshall v. Beason (Tex. Civ. App.) 165 S. W. 75; North Texas Lumber Co. v. First National Bank (Tex. Civ. App.) 186 S. W. 258; Calvert v. Hull (Mo. App.) 251 S. W. 414.

It is undisputed in the evidence that the issuance and levy of the writ of sequestration and appellee's possession of the lot in question thereunder, and the execution of the bond upon which the present action is based, all took place as the appellee alleged, and, the amount of rentals not being questioned, all assignments of error are overruled, and the judgment is affirmed.