**Emmett O. WATSON, Appellant,**

v.

**Goldie CAMFIELD, Appellee.**

**No. 4738.**

Court of Civil Appeals of Texas.

Waco.

Sept. 19, 1968.

Rehearing Denied Oct. 10, 1968.

There is no evidence to support a judgment on record title in appellant-defendant. Appellant's contentions are that the evidence is factually and legally inadequate to sustain the judgment and the concomitant implied findings. We affirm.

The land involved is a 12-acre parallelogram adjacent on the north to a tract of 180 acres owned by plaintiff. It was not included in the description of the larger tract in conveyances to plaintiff or his predecessors in title. There is evidence that the entire 192 acres comprising the two tracts had been enclosed by a fence for more than ten years before institution of the suit. In 1967 defendant erected a cross fence along the south line of the 12 acres, which act immediately precipitated the suit.

Appellant concedes adverse possession of appellee Camfield from 1960 to time of suit, but urges there is a failure to show prescriptive title through tacking of the asserted adverse possession of predecessors Heard and Hightower from 1955 to 1960.

The solution of the problems presented are best approached by recognition of the applicable tests. Although neither party cites it, the controlling decision is Land v. Turner, (Tex.Sup.1964) 377 S. W.2d 181. The Supreme Court there reviewed the previous opinions concerning prior possession, and Justice Greenhill announced for the Court these principles:

(1) To establish prior possession "there must be an actual possession of the property which is exclusive, and peaceable." (2) Once actual possession is established, it must be continuous. The case analyzes and illustrates the nature and extent of possession requisite to establish "prior possession."

In that case (where there was uncleared, vacant rural land, and the tract corresponding to our 12-acre tract was fenced along with the adjacent land, as here), it was held that building and use of a saw-mill for three years, planting a garden more than a year previously, cutting timber

Mac L. Bennett, Jr., Normangee, for appellant.

Bradley & Geren, Groesbeck, for appellee.

## OPINION

WILSON, Justice.

Judgment was rendered for plaintiff-appellee in this non-jury trespass to try title action. No findings or conclusions were filed. Plaintiff relies on prior possession, and title under the ten-year limitation statute, Art. 5510, Vernon's Ann.Civ.Stat.

twice, and walking on the land three or four times during 47 years made it doubtful that an issue of fact was raised as to prior possession. The element which differentiates Land v. Turner from the present case is abandonment; the break in continuity of possession, in the cited case.

Plaintiff's evidence shows that in 1955 Heard "was actually in possession of the land". In 1956 or 1958 Hightower went into possession. There is evidence that their possession was continuous. Camfield's possession began in 1960 and continued until suit in 1967. There is evidence that during all this period a substantial fence enclosed the twelve acres with the larger adjacent tract. There is evidence that it is "sand-hill land", a mass of Yupon trees; that its principal use was for hunting until Camfield cleared it in 1960. There was testimony that the possession had been continuous since 1955. There is no evidence of interruption of possession or claim by any other person until the cross fence was erected in 1967 by defendant.

Appellant's position is that use of the land for hunting is insufficient to constitute actual possession. In Hejl v. Wirth, Tex.Civ.App., 334 S.W.2d 498, 503 (reversed, Tex., 343 S.W.2d 226, where the question was not reached) it was said fishing and hunting was not "sufficient usage", but there it was "in common with others." In Nona Mills Co. v. Wright, 101 Tex. 14, 102 S.W. 1118 it was said that camping on land to hunt game was not sufficient, but it appears it was open, unfenced land. So, in W. T. Carter & Brother v. Ruth, Tex.Civ.App., 275 S.W.2d 126, no writ, where it was held camping and fishing were insufficient, the land was unfenced.

From "actual possession of land evidenced by fences enclosing it a presumption arises that it is adversely claimed by the person in possession." McKee v. Stewart, 139 Tex. 260, 162 S.W.2d 948, 952.

Plaintiff's evidence to sustain judgment on the ground of prior possession is so skimpy and fraught with conclusions as to make this decision difficult, but we have concluded that the evidence is factually and legally adequate to support it, and appellant's points are overruled.

Affirmed.