Ernest BRAMLETT, Appellant,

v.

**HARRIS AND ELIZA KEMPNER FUND,**
Appellee.

No. 15698.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Dec. 10, 1970.

Rehearing Denied Jan. 7, 1971.

Helm, Jones & Pletcher, Michael A. Moriarty, Houston, for appellant.

Phipps, Smith, Alexander & Herz, James H. Phipps, Galveston, for appellee.

COLEMAN, Justice.

This is an appeal from an order granting a summary judgment to the record owner of an island against a claim of title by virtue of the ten year statute of limitations, Arts. 5510 and 5515, Vernon's Ann.Civ.St.

Appellee brought this suit in trespass to try title on October 18, 1968. The evidence before the court at the summary judgment hearing included a deposition by appellant, the deposition of an employee of appellee, the instruments constituting appellee's chain of title, and the pleadings.

Snake Island is located in Galveston Bay about one-quarter mile north of a residential development on Galveston Island known as Sea Isle. It lies within the east ½ of Section No. 12 of Hall & Jones Survey of Galveston Island, Galveston County, Texas, which was devised to appellee by Stanley E. Kempner. The island is about three acres in area and a caretaker employed by appellee lived in a house on Galveston Island located within the east ½ of Section No. 12 of the Hall & Jones Survey.

Appellant first became aware of Snake Island in the spring of 1958. He began fishing from it and camping out on it nearly every weekend. He built a lean-to on it in the spring of 1958. In August or the early part of September he built a duck blind on the island. In 1959 he built a pier extending out from the island, and in 1964 he began building a cabin on the island. Since he first went on the island

many friends and guests have gone with him. He spends his vacation time and many weekends on the island. Appellant testified that he considered the island his own from the time he first found it in the spring of 1958.

The Supreme Court has held in Heard v. State, 146 Tex. 139, 204 S.W.2d 344 (1947):

"* * * That to constitute adverse possession sufficient to deprive an owner of legal title to his property by an adverse claimant, such possession must be continuous and uninterrupted for the statutory period, and must be 'actual, notorious, distinct and hostile,' and of such character as to indicate unmistakably an assertion of a claim of exclusive ownership in the occupant."

The "actual, notorious, distinct and hostile" possession must continue throughout the ten year period. The possession during the first few months of the necessary period must be of "such character as to indicate unmistakably an assertion of a claim of exclusive ownership in the occupant."

By his own testimony appellant has failed to meet this test. In 1958 he camped on the island in tents and built a lean-to as a wind break. He built a duck blind. He camped there, hunting and fishing "almost every weekend." This was the extent of his possession and use of the island in October, 1958.

In a number of cases it appears that the court was of the opinion that camping on land for the purpose of hunting and fishing is insufficient to constitute actual possession. Fannin v. Somervell County, 450 S.W.2d 933 (Tex.Civ.App.–Waco, 1970, n. w. h.; Crosby v. Davis, 421 S.W.2d 138 (Tex.Civ.App–.Tyler 1967, writ ref'd, n. r. e.).

In Hejl v. Wirth, Tex.Civ.App., 334 S. W.2d 498, rev'd on other grounds 161 Tex. 609, 343 S.W.2d 226 (1961), this statement was also made, but it appears that the use was in common with others. In Nona

Mills Co. v. Wright, 101 Tex. 14, 102 S.W. 1118 (1907), and in W. T. Carter & Brother v. Ruth, 275 S.W.2d 126 (Tex.Civ.App.– Beaumont, n. w. h.), the land was unfenced and open. These cases were distinguished in Watson v. Camfield, 432 S.W. 2d 184 (Tex.Civ.App.–Waco 1968, n. w. h.), where the court held that the use of land, enclosed with other land owned by the plaintiff by a substantial fence, principally for hunting was sufficient to mature title by limitation. While the land involved here is an island, it cannot be considered fenced land. The construction of a fence indicates an assertion of ownership. West Production Company v. Kahanek, 132 Tex. 153, 121 S.W.2d 328 (1938).

The testimony of appellant fails to show that he had made such "[an] appropriation of the land, considering its nature and kind, in the manner of his use and enjoyment of it, and utilizing of its avails, as might be expected of a true owner, and which would indicate and bring home to the true owner notice of a purpose and intention on the part of the claimant to hold" all of the island adversely. Village Mills Co. v. Houston Oil Co., Tex.Civ.App., 186 S.W. 785, 802, rev'd on other grounds Houston Oil Co. of Texas v. Village Mills Co., 241 S.W. 122 (Tex.Com.App.1922).

The frequent use of the island on weekends for hunting and fishing together with the construction of a lean-to wind break and a duck blind is not such open, visible and notorious possession and use as to raise a presumption that the owner had notice of an adverse claim. Such use was not so open and visible that a reasonably prudent owner in the exercise of ordinary care would have discovered that someone was asserting a claim to the title adverse to his. Bailey v. Kirby Lumber Co., 195 S.W. 221 (Tex.Civ.App.–Beaumont 1917, writ ref'd); Bemrod v. Wright, 273 S.W. 938 (Tex.Civ.App.–Amarillo 1925, n. w. h.); Winchester v. Porretto, 432 S.W. 170 (Tex.Civ.App., Houston [1st Dist.] 1968, writ ref'd, n. r. e.).

Affirmed.