## Alvin N. Hart v. Henry L. Henderson.

*Ejectment: Tax Sales: Judgment for taxes paid.* In an action of ejectment for certain lands bid off at the annual tax sale, judgment was rendered in favor of defendant for the possession; but on a finding by the court that some of the taxes, on which the sale was based, were illegal, judgment was rendered in favor of plaintiff for the entire amount of said taxes and interest, under the provisions of the law of 1865, p. 575.

*Held,* That this judgment was erroneous. The Legislature has full power to correct any mere irregularity in the proceedings for the assessment and collection of taxes authorized by law, but when the original tax was levied without any authority of law, no subsequent legislation can make it a legal demand. If any of these taxes were warranted by law, but, irregularly assessed, the Circuit Judge would have been justified by the terms of the act of 1865, to render judgment therefor, but not otherwise.

*Heard July 7th.      Decided July 13th.*

Error to Ingham Circuit.

This was an action of ejectment, brought to recover the possession of certain real estate bid in by defendant in error at the annual state tax sale for the non-payment of taxes for the year 1863.

The declaration was in the usual form.

The case was tried without a jury, and the court found the following facts, to wit:

"This was an action of ejectment brought by the plaintiff to recover block 'A,' city of Lansing, Michigan, who based his claim to the land, and right to recover, upon a tax deed made by the Auditor General of the State of Michigan to him, for the delinquent taxes for the year 1863; the taxes for the non-payment of which said premises were sold, were as follows:

"State tax, $1.33; county tax, $6.93; city tax, $3.42; highway tax, $0.45; school tax, $3.70; bridge tax, $4.56; ward tax, $1.80. Amounting in all to $22\frac{19}{100}$; which sum, with the addition of $3\frac{11}{100}$ interest and charges, amounting to $25\frac{30}{100}$, was the sum paid by the plaintiff when he purchased the premises at the annual tax sales, for the purchase of the premises.

And further finds that the defendant, in the Fall of 1864, and before the time of redemption had expired, applied to the office of the Auditor General, at Lansing, to redeem the premises in question by paying the amount for which it had been sold, with interest, which application was in writing, and contained other descriptions of land, at the same time leaving with said Auditor General money to pay the redemptions of all the descriptions, but by mistake at the office of the Auditor General, no redemption certificate for the premises in question was made, which was not discovered until the time for the redemption had expired; that no money was retained by the Auditor General for the redemption of these premises.

And the court further finds that the city, highway and

school tax were illegally assessed; which fact was admitted by the parties upon the trial of said cause.

From the foregoing facts, the court deduces the following conclusions of law:

*First*, That the tax deed from the Auditor General to the plaintiff for the delinquent taxes of 1863 was void, and the defendant entitled to a judgment for the land in question.

*Second*, That the plaintiff is entitled to recover a judgment against the defendant for the sum of $25$\frac{30}{100}$, being the whole amount of taxes, interest and costs paid by him for the purchase of said land at the annual tax sale, with interest at the rate of twenty-five per cent. per annum, and that judgment should be entered accordingly."

Whereupon judgment was entered accordingly.

*Dart and Wiley*, for plaintiff in error.

*Huntington and Root*, for defendant in error.

COOLEY CH. J.

Henderson, as it appears from the record, brought ejectment against Hart for a lot of land in the City of Lansing, claiming to recover under a tax sale made for delinquent taxes of 1863.

The taxes for which this sale was made amounted to $22.19, of which three items, amounting to $7.57, were conceded by the parties on the trial to have been illegally assessed, and the Circuit Judge so found. Whether the other taxes were legal or not is not found. The tax deed was clearly void, and being so, it would not, under the statute, be evidence of the correctness of any of the taxes, and Henderson, under the common law rule, would be compelled to show their validity by affirmative evidence.

Under these circumstances, the Circuit Judge felt bound, under "An act to provide for the recovery of taxes paid on

real estate by persons claiming title thereto in certain cases," approved, March 20, 1865 — *Laws 1865, p. 575* — to render judgment against Hart for the full amount of the taxes for which his land had been sold, including the costs of advertisement and sale, and twenty-five per centum interest thereon; at the same time that he rendered judgment in Hart's favor on the main issue in the ejectment suit. And the only question before us is as to the correctness of this pecuniary judgment.

The first section of the act referred to is as follows:

SECTION 1. *The People of the State of Michigan enact,* That in all suits and controversies involving the title to land claimed by either party, under a conveyance executed by the Auditor General for non-payment of the taxes assessed thereon, if such deed shall prove to be invalid for any cause, other than such as are enumerated in section three of this act, the lien thereon for state, county and township taxes, or for either of them, or for any portion of either of them, which may have been rightfully assessed, shall not be discharged thereby, but shall remain in full force, and shall be transferred by said deed to, and vested in the grantee therein named, his heirs and assigns; and the owner of such lands shall not thereby be acquitted from the payment of the taxes for which the same was sold, but the party in such action or controversy, holding and claiming title under such Auditor General's deed, shall be entitled to judgment or decree in the same action, against the adverse party, for the sum paid upon such sale for the purchase of said land, and for the sum of all taxes paid upon such lands subsequent to such sale, by such purchaser, his heirs and assigns, with interest on each of said sums from the time of payment, at the rate of twenty-five per cent. per annum, and all legal costs, and such costs of suit as the court may award, which judgment or decree may be enforced as in other cases, and shall remain a lien on such land until paid; and the land, or so much thereof as shall be necessary, may be sold for the payment thereof, with costs, if sold within such reasonable time as the court may order."

The true construction of this section is matter of some doubt. It is not very clear whether its purpose is to give a remedy only for those taxes which are "rightfully

assessed," or for the whole sum paid upon the sale, whether the land was properly chargeable with them or not. The latter construction would clearly make the act unconstitutional. While it is unquestionably within the power of the legislature to cure irregularities in the proceedings for the assessment and collection of any taxes which are authorized by law, and to perpetuate their lien upon the land until paid, it is not within its province to declare that a demand which is asserted against a citizen, without authority of law, shall constitute a lien upon his property, and that he shall be precluded from asserting his rights in the courts in regard to the property, except subject to a judgment for the unlawful demand. Curative statutes may cover any mere irregularity in the course of proceeding for the enforcement of a lawful demand; but they can never cure a want of jurisdiction, either in tax proceedings or those of any other description. Nothing is a tax simply because of being called so; but any proceedings by which a man's property is to be taken from him on a claim which has no other basis than the naked declaration of the legislature that it shall constitute a demand against him, is unconstitutional and void, as not being "according to the law of the land," but, on the other hand, wholly unwarranted by legal principles. In this case, the Circuit Judge was to render judgment upon his finding of facts. That finding did not show that any of the taxes were legal, but it did show affirmatively that more than a third of them were illegal. Under these circumstances, there was nothing to show that Hart's land was legally chargeable with anything, and no judgment should therefore have been rendered against him. The judgment in favor of Henderson must, therefore, be reversed, with costs of this court.

The other Justices concurred.