SQUARE TRUMBLE *v.* DAVID W. SQUARE.

## SQUARE TRUMBLE vs. DAVID W. SQUARE.

The N. E. ¼ of a section of land was assessed, as appeared by the assessment roll, as follows:

N. E. ¼ of N. E. ¼—38.80-100th acres—valuation $ 75.

N. W. ¼ of N. E. ¼—39.21-100th acres—valuation 75.

S. ½ of N. E. ¼ 80 acres—valuation 150.

The tax roll described the land as the N. E. ¼—valuation $300—and the whole quarter section was sold by the Auditor General in one parcel. *Held*, that this is such a departure from the Statute, *S. L.* 1859, *p.* 37, as to render the sale void.

*Held further*, that a party claiming under an Auditor General's deed, made upon such sale, is not entitled to a judgment for "the amount he has paid for the land, with interest and costs."

*Newaygo Circuit, February,* 1870.

Plaintiff brings ejectment to recover the N. E. fractional quarter of section 6, in township 11 north, of range 14 west; and to prove his title introduced in evidence a patent from the United States to Ignatius Taylor, and also a warantee deed from Taylor to himself.

The defendant read in evidence a deed from the Auditor General to himself, dated December 29th, 1862, for the taxes of 1860.

The plaintiff then introduced in evidence the original assessment roll for the year 1860, by which it appears that the land was assessed as follows:

N. E. ¼ of N. E. ¼—38.80-100th acres—valuation $ 75.

N. W. ¼ of N. E. ¼—39.21-100th acres—valuation 75.

S. ½ of N. E. ¼ —80 acres—valuation 150.

The tax roll was also in evidence, showing that the Supervisor in making it, did not describe the land as in assessment roll; but as the N. E. ¼—valuation $300—and the whole quarter section was sold by the Auditor General in one parcel.

*Howell & Gray* for Plaintiff.

*Standish & Fuller* for Defendant.

*By the Court,* TURNER J.—

The statute provides that the Supervisor shall deliver to the Township Treasurer a copy of the corrected assessment roll, with the taxes for the year, annexed to *each valuation.*—(S. L. 1859, p. 37.)

This he did not do.   But the way he did copy it, would make each description *as assessed* liable for the taxes upon the whole quarter section.   This is clearly such a departure from the statute as would render the tax illegal, and the sale of the Auditor General void.

But it is claimed on the part of the defendant, that if he has not acquired a title under his tax deed, he is still entitled to a judgment for the amount that he paid for the land with interest and costs.   It is true that the statute, (S. L. 1865, p. 374) says that " if any conveyance made by the Auditor General, pursuant to a sale made for the non-payment of taxes, shall prove invalid for any cause other than such as are enumerated in section three, the lien thereon for State, County and Township taxes, or for either of them, or for any portion of either of them which may have been *rightfully assessed*, shall not be discharged thereby, but shall remain in full force, and shall be transferred by said deed to, and vested in the grantee therein named, his heirs and assigns ; and the owner of such land shall not thereby be acquitted from the payment of the taxes for which the same was sold; but the party to such action or controversy, holding or claiming title under such Auditor General's deed shall be entitled to judgment or decree in the same action against the adverse party for the sum of all taxes paid, with interest and costs, &c."

In order to entitle the defendant to a judgment for the amount that he has paid for the land, with interest and costs, the State must have acquired a lien upon the land that could be transferred to him.   And in order to acquire this lien, the taxes must be *rightfully* assessed; and in order that they be *rightfully* assessed, there must be a substantial compliance with the statute, at least " the taxes for the year must be annexed to each valuation." ·

The tax is unquestionably illegal and void for other reasons which it is not necessary to notice under this view of the case. *Hart vs. Henderson*, 17 *Mich*, 218.

I think the plaintiff is entitled to judgment.