No. 2290.

**S. C.** McCormick *v.* J. L. Edwards et al.

1. **Tax Sales.**—An omission to give in the tax list, by virtue of which land
   is sold at tax sale, the number of the certificate under which the land
   was located, as a general rule vitiates the tax sale.
2. **Same—Subrogation.**—A void tax sale involves no equity that would
   subrogate the purchaser to rights of the State for taxes paid, and entitle
   him to re-imbursement from the true owner when sued by him to re-
   cover land. (See opinion for authorities cited) The same rule obtains
   as to taxes paid the State to redeem land which had been sold for non-
   payment of former taxes.
3. **Purchaser at Tax Sale.**—A purchaser at void tax sale can not, unless
   authorized by a statute, recover even the taxes lawfully assessed upon the
   land and paid by his purchase.

Appeal from Ellis. Tried below before the Hon. Anson
Rainey.

*S. C. McCormick,* for appellant, that the failure to state the
certificate number, and the survey number of the tract of land,
in assessing it for taxes and advertising it for sale, did not
nullify the sales made to appellant, cited Revised Statutes, articles
4669, 4680, 4681, 4683, 4689, 4710, 4711, 4752, 4756; Texas Con-
stitution, article 8, sections 13, 15; Revised Statutes, page 718,

sections 1, 2; Cooley on Taxation, pages 205, 206, 207, 214, 215, 216, 282, 283, 284, 285, 286, 324, 325, 326, 327.

On his proposition that prior to the twenty-second day of July, 1879, it was the duty of tax collectors, enjoined by law, to sell for the unpaid taxes thereon all lands situated in their counties, without regard to the fact that such lands may have been bid off to the State in some previous year at a sale thereof for taxes; and, accordingly, the sales of the land in controversy to appellant for taxes in 1881, 1882 and 1883, were authorized by law and valid, he cited acts of 1876, page 264, section 21; acts of 1879, page 132, chapter 124; Revised Statues, article 4759.

That in 1881, the State was the absolute owner of the land invested with the power of alienation, and by recognizing appellant as the owner of the land, accepting from him the unpaid taxes and costs thereon for 1877 and 1878, and executing to him the redemption certificate, invested him with all its rights and entitled him to the possession and recovery of the land, whether he was theretofore the owner of it or not, he cited Constitution, article 8, section 15; Revised Statutes, article 4690; Dillion v. Kauffman & Runge, 58 Texas, 696; Hicks v. Morris, 57 Texas, 658; The Texas & St. Louis Railroad v. McCaughey, 62 Texas, 271.

No briefs are found in the transcript for appellee.

Gaines, Associate Justice. This was an action of trespass to try title, brought in the court below by appellant. He claimed the land as purchaser at three tax sales, made respectively in the years 1881, 1882 and 1883. Neither of the lists by virtue of which the land was sold gave the number of the certificate under which the land was located. This is imperatively required by the statute; and in the case of Henderson v. White et al., decided at this term, it is held that such an omission is fatal to the proceedings, and renders the sale void. It is not decided that there may not be a valid excuse for this failure in some cases; but in this case there was no excuse, because the evidence showed that the certificate had a number, and that this appeared upon the book of "Abstracts of Titled and Patented Lands," furnished by the comptroller to the assessor to enable him correctly to assess the lands in his county.

But appellant, in his original petition, in addition to the ordinary allegations in an action of this character, set forth his title

and expressly alleged the several assessments of taxes on the land, their respective amounts, and his purchase at the sale and payment of his bids, by virtue of which the taxes were paid to the State; and he prayed that in the event he be not allowed to recover the property, that he be adjudged to have a lien upon it for the taxes so paid, and that his lien be foreclosed. We have been cited to no decision of our courts directly upon the question presented by appellant's claim against the owner for the taxes discharged by his purchase. Stewart v. Kemp, 54 Texas, 248, is the case most nearly in point, and perhaps it should be deemed decisive of the question. In that case, the plaintiff sued to set aside a sale of his land for taxes, made under a void judgment of the county court. The defendant insisted that in order to recover the plaintiff must pay or tender the purchase money and taxes paid by defendant upon the land. But the court, holding the judgment absolutely void, say: "So here it would seem that the defendant ought to have known that the judgment of con demnation was a nullity, and in buying at a tax sale did not so act in good faith as to give him an equitable right to be recom- pensed on losing the land." The judge who declared the opinion, however, expressly declines to say what the rights of the defend- ant would have been had he bought the land in good faith for taxes, without knowing and without, by proper diligence, being able to know, that the sale was invalid.

In one respect the case cited is stronger for the purchaser at the tax sale than the case before us. There the land owner sought the aid of a court of equity to set aside the sale and to cancel the tax deed. Here the purchaser is plaintiff, and the de- fendant asks no relief, but is content to repose upon his legal title. As a general rule, where property is sold for the purpose of satisfying a lien, and the sale is set aside, the purchaser be- comes subrogated to the rights of the lien holder, and may enforce for his own benefit the lien against the property. (French v. Grenet, 57 Texas, 274; Howard v. North, 5 Texas, 290.) This is called by an eminent text writer an equitable assignment. (3 Pomeroy's Equity, sec. 1211, note 1.) But it seems that our courts hold that a void tax deed carries with it no equities. (Robson v. Osborne, 13 Texas, 298; Pitts v. Booth, 15 Texas, 453.)

After a careful research, we have found no case in which a purchaser at a void tax sale has, without the aid of a statute, been permitted to recover even the taxes lawfully assessed upon

the land and paid by his purchase. It would seem equitable that he should at least recover the taxes which the land owner ought to have paid, and which he failed to pay. Many states have accordingly passed statutes in regulation of this subject, and giving the relief indicated; and, so far as we have been able to discover, whenever this relief has been given or sanctioned by a court of the last resort, it has been by virtue of statutory law. (Flynn v. Parsons, 84 Ind., 160; Everett v. Beebe, 37 Iowa, 452; Pettit v. Block, 8 Neb., 52; Hart v. Henderson, 17 Mich., 218; Hasbrook v. Schooley, 74 Ind., 51; Brown v. Evans, 15 Kan., 88; Coates v. Hill, 41 Ark., 149. See generally, Desty on Taxation, p. 1010, section 157, et seq.)

It is held in California that the purchaser, if the sale be void, has no remedy (Harper v. Rowe, 53 Cal., 233); and also in Tennessee. (Ross v. Mabry, 1 Lea, 226; see authorities there cited.) We conclude, therefore, that appellant was not entitled to recover of appellee either the purchase money or the taxes upon the land.

Neither was plaintiff entitled to recover the money paid to redeem the land from the sale to the State for taxes made previous to his purchase. Having no title to a lien upon the land by virtue of his tax purchase and deed, his payment to the State must be deemed the voluntary payment of a stranger, which entitles him to no equity. (Sheldon on Subrogation, sec. 241.)

There being no error in the judgment, it is affirmed.

*Affirmed.*

Opinion delivered October 28, 1887.

Associate Justice Stayton did not sit in this case.