### No. 2319.

### ENOCH BROXSON *v.* WILLIAM McDOUGAL.

1. CASE FOLLOWED.—Broxson v. McDougal, 63 Texas, 194, referring to the sufficiency of description in a deed, followed.
2. VARIANCE.—In trespass to try title, when the deed under which plaintiff claims is shown to cover more land than is embraced in the description given in the petition, that fact constitutes no variance.
3. VERDICT—IMPROVEMENTS IN GOOD FAITH.—A general verdict in trespass to try title for the plaintiff when there is a claim for improvements by defendant, and a charge by the court with reference thereto, is in effect a finding against the claim.

4. TAXES.—A voluntary payment of taxes by a defendant in trespass to try title, against whom the plaintiff obtains judgment for the land, can constitute no basis for a claim for reimbursement against the true owner.

APPEAL from Houston. Tried below before the Hon. Anson Rainey.

*Nunn & Denny,* for appellant

*J. R. Burnett,* for appellee.

ACKER, JUDGE. The first four assignments of error present the questions: 1. Of the sufficiency of the description of the land as given in the deeds under which appellee claims. 2. Variance between the description of the land sued for, as given in the petition, and the description given in the deeds under which appellee claims.

Appellant contends that the deeds are void for insufficiency of description of land attempted to be conveyed, and that the description in the petition and in such deeds are not the same. We think these questions were conclusively settled adversely to the appellant by the decision of this court on a former appeal in this case. (63 Texas, 195.) There has been no change in the pleadings affecting these questions since the case was reversed and remanded, and we discover no substantial difference in the evidence adduced on the two trials relating to these questions.

Appellee deraigns title through a deed from Barnett and wife to Wade and Wilson, which, as well as the record of it, had been destroyed. McCall, appellee's immediate vendor, brought suit to substitute this lost deed, and on the sixteenth of September, 1880, in the district court of Houston county, a decree was rendered in that case establishing the fact that Barnett and wife, on the twenty-second of November, 1855, executed and delivered to Wade and Wilson a deed for the land described in that decree, and substituting said deed. That decree also divested the title of the Barnett heirs to the land, and vested it in McCall. All subsequent conveyances, through which appellee claims, describe the land as being the southern portion of the John Moore league, and refer to the deed from Barnett and wife to Wade and Wilson for more particular description. It was decided on the former appeal that the description of the

land given in the deeds was sufficient, and that such description covered the land described in the petition. Without repeating the reasons given for these conclusions, we will only say that we think the fact that the description given in the deeds covers more land than is sued for does not constitute a variance. On the former appeal, the judgment of the court below was reversed, because of error committed by the trial court in admitting in evidence, over objection of defendant Broxson, then and now appellant, a certified copy from the records of San Augustine county, of an act of sale for the land in controversy purporting to have been executed by the original grantee to one Hotchkiss, the paper being a certified copy of a copy which had been recorded in San Augustine county in 1836.

The fifth assignment of error is: "The court erred in charge to the jury in respect to improvements, and especially in instructing the jury to allow rents for unimproved land." The jury returned a general verdict in favor of appellee, upon which judgment was rendered for the land. There was no finding by the jury as to improvements or rent, nor was the judgment rendered for either. If it was admitted that this charge was erroneous, it is evident that it did not operate prejudicially to the rights of appellant, for the general verdict in favor of appellee was a finding adverse to appellant's claim for improvements. We think there is no error here of which appellant can complain.

The sixth and seventh assignments of error relate to the charge given, and the special instructions asked by appellant and refused by the court, on the subject of appellant's claim for taxes paid on the land by him. It is insisted that he was entitled to recover of appellee the taxes so paid, and that the court erred in refusing to so instruct the jury. Appellant claimed to have purchased about seventeen hundred acres of land, the *northern* portion of the league survey, at tax sale made in 1867, but received no deed therefor, only a certificate from the assessor. Appellee claimed, and brought this suit to recover, the *southern* portion of the league. But if appellant had purchased at tax sale "seventeen hundred acres of the southern portion of the league," and obtained the officer's deed therefor, it would have constituted no basis for a claim against the owner for taxes then or subsequently paid; for it has been repeatedly decided by this court that a tax deed for land *sold*

for non payment of taxes, containing no other description of the land than that given, is void. Whatever taxes appellant paid he paid voluntarily, and the court did not err in instructing the jury that before they could return a verdict for taxes paid, they must believe from the evidence that appellant paid the taxes at the request of appellee.

Appellant's claim to one hundred and sixty acres of land under the statute of ten years limitation, was for the determination of the jury. The court correctly charged the jury as to the law upon this subject, the jury found against him, and we think the verdict is well supported by the evidence.

There is no error in the record requiring reversal, and we are of opinion that the judgment of the court below should be affirmed.

*Affirmed.*

Opinion adopted February 21, 1888.