### Theo. Mumme v. Catherine McCloskey.

Decided January 29, 1902.

**1.—Trespass to Try Title—Trespasser—Possession—Harmless Error.**

Where in trespass to try title against a mere trespasser prior possession of the land by plaintiff was shown, errors in relation to the admission in evidence of plaintiff's title papers were harmless.

**2.—Tax Title—Improvements in Good Faith.**

A tax deed made on a sale for taxes assessed against one who was not the owner of the land will not sustain a plea of improvements in good faith, even in connection with proof that the person against whom the taxes were assessed was in possession of the land and rendered it for taxes and the tax purchaser considered him the owner.

**3.—Same—Subrogation—Reimbursement.**

Where plaintiff in trespass to try title recovers against a purchaser of the

land at a void tax sale the defendant is not entitled to be subrogated to the rights of the State for the taxes paid, nor to reimbursement for such taxes from plaintiff.

Appeal from Atascosa.   Tried below before Hon. M. F. Lowe.

*T. M. West,* for appellant.

*T. F. Shields,* for appellee.

NEILL, Associate Justice.—Action of trespass to try title, brought by appellee against appellant, to recover 187 acres out of an original survey of 640 acres, No. 369, originally granted to Samuel Swartwout, assignee, and for damages.   From a judgment in favor of appellee for the recovery of the premises and $120 damages this appeal is prosecuted.

The undisputed evidence shows that Patrick McCloskey bought the 640-acre survey, of which the land in controversy is a part, in 1872, and with his wife Catherine (appellee) immediately went into possession thereof.   Patrick died in 1889.   From the time he bought up to his death he remained in possession of the land, and in 1885 inclosed the entire tract by a fence, which inclosure has been continuously maintained to the present time.   After his death his wife, appellee, continued in possession and actual occupancy of the premises until in February, 1900, when the appellant, without her consent, entered upon and took possession of the part of the survey in controversy.   It appears from the pleadings of the parties that appellant went in possession of the land under a sheriff's deed, made to him by virtue of a sale under a decree of foreclosure of an alleged lien for taxes on the premises rendered in favor of the State against one James McCloskey by the District Court of Atascosa County on the 4th day of October, 1897.   The appellee was neither a party to nor had any notice of the proceedings in which the decree was rendered under which appellant purchased.   It does not appear that James McCloskey, against whom the decree was rendered, ever had or claimed any interest in the land.   On the contrary, it is shown that he had no interest or claim in or to any part of it.   He never rendered the land for taxes either for himself or anyone else.   But it is indisputably shown from the evidence that the appellee was in actual possession of the premises when the decree against James McCloskey for taxes was entered as well as when the land was sold thereunder and entered upon by appellant, cultivating and claiming the same as her property.   The evidence shows that during the time possession of the premises was withheld by appellant from appellee its rental value was $120.

*Conclusions of Law.*—1.   As proof of appellee's prior possession entitled her to recover against appellant, who is a mere trespasser (Lockett v. Glenn, 65 Southwestern Reporter, 482; Watkins v. Smith, 81 Texas,

592), it is unnecessary for us to consider any of the assignments of error in relation to the admission in evidence of her title papers.

2. Had the judgment rendered in favor of the State against James McCloskey foreclosing the lien on the land, the deed made by the sheriff to Mumme by virtue of the sale thereunder and the writ of possession issued after the sale in his favor, been admitted in evidence, proof in connection with such documents, that James McCloskey held possession of the land, had rendered it for taxes, and that appellant considered McCloskey its owner, would not have relieved him from the attitude of a trespasser, nor have supported his plea of improvements in good faith.

"The existence of good faith is a fact to be established by evidence of other facts tending to show that the person asserting it at the time he made improvements on the land believed himself to be the owner and had grounds for such belief such as would ordinarily be satisfactory to one unlearned in the law but of ordinary intelligence, after having made such inquiry as the law presumes every person desiring to buy land will make as an ordinarily prudent man for his own protection ought to make." Holstein v. Adams, 72 Texas, 490. The testimony offered would not tend to disclose title or semblance of title in appellant. "That defendant Mumme *considered* James McCloskey the owner of the land," appears to be the sole source of good faith on which he relies. This amounts to nothing. Armstrong v. Oppenheimer, 84 Texas, 367. Therefore the court did not err in refusing to admit the judgment, deed, and writ of possession above referred to in evidence.

3. Appellant being being a stranger to the title, and having purchased at a void tax sale, equity will not subrogate him to the rights of the State for taxes paid, nor entitle him to be reimbursed by the owner in a suit brought by her to recover her property. McCormick v. Edwards, 69 Texas, 106, 6 S. W. Rep., 32; Eustis v. City of Henrietta, 90 Texas, 468, 39 S. W. Rep., 567; Broxson v. McDougal, 70 Texas, 64; Capt v. Stubbs, 68 Texas, 222; Furche v. Mayer, 29 S. W. Rep., 1099. Therefore the court did not err in overruling appellant's special exception to appellee's petition, nor in refusing to render judgment in his favor for taxes alleged to have been paid by him on the land.

There is no error requiring a reversal of the judgment, and it is affirmed.

*Affirmed.*

Writ of error refused.