## AMERICAN REALTY CORPORATION v. TINKLER.

### No. 10074.

Court of Civil Appeals of Texas. San Antonio.

June 9, 1937.

Rehearing Denied July 7, 1937.

Kelley, Looney & Norvell, of Edinburg, for appellant.

J. L. Camp and Carl C. Wurzbach, both of San Antonio, and J. Q. Henry, of Mission, for appellee.

SLATTON, Justice.

American Realty Corporation filed. suit in the Ninety-Third district court of Hidalgo county, Tex., against J. R. Norvell and W. F. Tinkler, in trespass to try title, for the title and possession of various lots in Hidalgo county, aggregating 200 acres, more or less.

W. F. Tinkler answered with a claim to the title and possession of said lands, in the usual form of trespass to try title, and in the alternative for recovery of and from the American Realty Corporation all sums of money paid for the purchase of said property at twenty tax sales, including court costs and accrued interest, taxes, and interest thereon from date of payment, and for establishment and foreclosure of an equitable lien on the said land.

American Realty Corporation, by supplemental answer, pleaded a general demurrer and also a plea of not guilty, and a general demurrer to the cross-action of W. F. Tinkler, and also specially pleaded that the proceedings under which Tinkler claim-ed the land were void and of no force or effect, and prayed that Tinkler take nothing.

The case was tried upon an agreed statement of facts, except parol testimony was introduced by Tinkler covering two matters.

The court rendered judgment decreeing the title and possession of the land· to American Realty Corporation, subject to a lien in favor of Tinkler for the sum of $852.41, with legal interest thereon from date of judgment and costs of suit, and for foreclosure of the equitable lien fixed upon said land.

Both parties, being dissatisfied with the judgment, bring the case here.

The agreed statement of facts shows· the legal description of the real property involved as "Lots Nos. three (3), four (4), five (5) and six (6) in Block No. Three (3); Lots Nos. one (1), two (2), three (3), four (4), five (5), six (6), seven (7) and eight (8) in Block No. Four (4), and Lots Nos. one (1), two (2), three .(3), four (4), five (5), six (6), seven (7) and eight (8) in Block No. Seventeen (17) of the Melado Tract of the San Salvador del Tule Grant in Hidalgo County, Texas, as shown by the platted map of said subdivision recorded in the office of the County Clerk of Hidalgo County, Texas, containing two hundred (200) acres of land more or less."

E. M. Hawley is the common source of title, and both parties claim through such common source.

It seems to be conceded by both parties that the American Realty Corporation, by the agreed statement of facts, has the superior title to the land involved in this suit, unless W. F. Tinkler had title thereto through his purchase at judicial sales, in virtue of judgments rendered in twenty tax suits filed September 15, 1927, in the Ninety-Third judicial district court of Hidalgo county, Tex., by the state against George Hamman and John Hamman, E. M. Hawley, the unknown heirs of E. M. Hawley, V. W. Mills, Land Title & Trust Company, trustee, and unknown owners. Citations were issued in said suits on December 3, 1928, and personal service had shortly thereafter, on George and John Hamman. Twenty judgments in said suits were rendered on March 7, 1929; and orders of sale were issued on the 1st day of April, 1929. Said properties· were sold, on the 4th day of June, 1929, to J. R. Nor-

vell, who thereafter conveyed them to W. F. Tinkler.

It was further agreed that W. F. Tinkler, since the delivery of the sheriff's deed to J. R. Norvell, paid $347.28 taxes due the various municipalities on said property, in addition to the amounts paid at the time of the purchase of said property at the sheriff's sale.

W. F. Tinkler further offered in evidence the testimony of a deputy district clerk in and for Hidalgo county, for the period when the tax suits were filed and citations issued thereon, to show that the delay in issuing citation on the tax suits was occasioned by the number of tax suits filed by the state, and that such citations were issued as soon as possible by the clerk. He further offered in evidence the fact that when the suits were filed, the suit numbers were posted on the delinquent tax records by the tax collector's office in Hidalgo county, Tex. And Tinkler himself testified that when he requested J. R. Norvell to purchase the land at tax sales he believed that he was obtaining good title to the property, and believed that he had good title thereto at the time he paid the additional taxes thereon.

The deed conveying said property to the American Realty Corporation was dated May 22, 1928, and filed for record in the county clerk's office at Hidalgo county, Tex., on June 5, 1928. There was no lis pendens notice filed by the state at the time of filing the tax suits under which W. F. Tinkler purchased.

The American Realty Corporation having shown good title from the common source into it, and W. F. Tinkler claiming title from the common source by and through tax sales in which the American Realty Corporation was not a party, asserts that it was error for the trial court to decree an equitable lien against the real estate in question in favor of W. F. Tinkler and in allowing a foreclosure of the same.

W. F. Tinkler asserts that the tax sale under which he claims having been filed in the district court of Hidalgo county against the record owner of the land, that the pendency of such suit by the state for taxes should have been known by appellant; and as the tax records of Hidalgo county show, on the delinquent pages thereof, that suits had been instituted, the American Realty Corporation had constructive notice of such tax suit, and that therefore such judgment binds the American Realty Corporation, and the trial court erred in decreeing the title and possession of said land into the American Realty Corporation.

W. F. Tinkler further asserts that the suit for state taxes being a statutory proceeding, the very statutes of the state of Texas provide for various costs in such tax suits to be paid to the various officers in the county in which the suit is brought, and that the trial court erred in not rendering a judgment in favor of W. F. Tinkler, including the costs paid by him in such suits and decreeing to him an equitable lien for such costs, and in refusing a foreclosure of his equitable lien covering such costs.

In addition, Tinkler asserts that he having purchased at a tax sale in which the party agreed to be the common source was made a party, that payment by him of the taxes at the sale and subsequently accrued taxes, believing at the time he was a good-faith owner of the title, would entitle him in equity to an equitable lien in the land in question for such taxes so paid.

That the trial court was correct in decreeing the title and possession of the land in question to the American Realty Corporation seems clear to us.

The American Realty Corporation being a record owner of the land in question at the time of the issuance of citation in the tax suits under which Tinkler claims, in order for the judgment to bind it, it was necessary for the corporation to have been made a party, and therefore the judgment as to it is absolutely void. McCormick v. Edwards, 69 Tex. 106, 6 S.W. 32; Mumme v. McCloskey, 28 Tex.Civ.App. 83, 66 S.W. 853; North Texas Lumber Company v. First Nat. Bank (Tex.Civ.App.) 186 S.W. 258; State Mortgage Corporation v. Traylor, 120 Tex. 148, 36 S.W.(2d) 440.

The proposition asserted by Tinkler that the pendency of the suit, as well as the notation on the delinquent tax record, was constructive notice to the American Realty Corporation, we think, is without merit.

We have reviewed the authorities cited by Tinkler to support this proposition and have concluded that they do not support the contention.

We next consider whether or not Tinkler was entitled to an equitable lien

for court costs included in the amount of the purchase price paid at the purchase of the land in question at the tax sales. There were twenty tax suits filed by the state, all of which aggregated 200 acres of land. The filing of a tax suit being a statutory proceeding, we think it was incumbent upon those representing the state to follow the procedure literally, and instead of prosecuting twenty separate suits and fixing court costs and officers' fees separately in each suit, the same should have been prosecuted in one suit, and, therefore, the various costs accruing in the twenty different suits could not be held to be chargeable to the owners of the land. It is true that Tinkler had nothing whatever to do with the proceedings instituted by the state, but he is charged with knowledge of the law, and it being unlawful, equity will not come to his aid in the situation with which he is now confronted. It follows, therefore, that the trial court was correct in denying judgment for the costs to Tinkler, as aforesaid.

We come now to consider whether or not Tinkler was entitled to a judgment for the taxes paid at the time of his purchase at the tax sales, and for subsequent taxes which accrued on the land in suit. Our Supreme Court, in passing upon tax suits wherein the sale had been through a summary proceeding conducted by a tax collector, wherein the letter of the law was not strictly followed has repeatedly held that a purchaser at such sale is not entitled to reimbursement of the taxes he has paid. McCormick v. Edwards, 69 Tex. 106, 6 S.W. 32, and cases following.

This rule has recently been applied by the Amarillo Court of Civil Appeals in Lantron v. Joseph Greenspon's Sons Iron & Steel Co., 70 S.W.(2d) 247.

The Galveston Court of Civil Appeals in the case of State v. Dashiell, 32 Tex.Civ. App. 454, 74 S.W. 779, 781, held that "It was proper for the court to require Dashiell to pay his proportion of the taxes upon the land and the costs. His application for a setting aside of the judgment was addressed to the equitable jurisdiction of the court, and since Dashiell had never paid the taxes and the interest and costs on his share of the land, and the same were paid by the purchaser, he should be required to repay three-fourths thereof, but not more;" and The Dashiell Case, supra, does not appear to have reached the

Supreme Court of this state and apparently no application was made for a writ of error in that case to the Supreme Court. However, in the case of Mumme v. McCloskey, 28 Tex.Civ.App. 83, 66 S.W. 853, 854, in an opinion by this court, there was a judicial sale involved for taxes and the court, after denying appellant, Mumme, his asserted plea for improvements made on the land in good faith, overruled his contention for reimbursement for taxes paid, in the following language: "Appellant being a stranger to the title, and having purchased at a void tax sale, equity will not subrogate him to the rights of the state for taxes paid, nor entitle him to be reimbursed by the owner in a suit brought by her to recover her property. McCormick v. Edwards, 69 Tex. 106, 6 S.W. 32; Eustis v. City of Henrietta, 90 Tex. 468, 39 S.W. 567; Broxson v. McDougal, 70 Tex. 64, 7 S.W. 591; Capt v. Stubbs, 68 Tex. 222, 4 S.W. 467; Furche v. Mayer (Tex.Civ.App.) 29 S.W. 1099. Therefore the court did not err in overruling appellant's special exception to appellee's petition, nor in refusing to render judgment in his favor for taxes alleged to have been paid by him on the land."

Application was made in this case for a writ of error to the Supreme Court, and the Supreme Court refused the application for the writ.

We are of opinion, therefore, that the question has been set at rest by the Supreme Court. We are mindful of many persuasive reasons why a purchaser at a void tax sale in good faith should be reimbursed for taxes paid at such sale and thereafter paid on the land. However, it is true that at the time W. F. Tinkler purchased at these tax sales the land involved in these suits, the deed of the American Realty Corporation was recorded in Hidalgo county, and therefore he had constructive knowledge of it. In this situation, and because of the refusal of the writ in the Mumme v. McCloskey Case, supra, we are of opinion that the trial court erred in decreeing a reimbursement of the taxes paid by W. F. Tinkler to him.

It follows from what we have said that that part of the trial court's judgment which decreed title and possession into the American Realty Corporation should be and is affirmed; and that part of the judgment which decreed an equitable lien on said land in favor of W. F. Tinkler should

be reversed and here rendered that W. F. Tinkler take nothing by virtue of his cross-action, and that all costs in both courts be here adjudged against W. F. Tinkler. It is accordingly so ordered.