**McLEOD v. MAGNOLIA PETROLEUM CO. et al.**

**No. 364.**

District Court, S. D. Texas,

Brownsville Division.

July 31, 1946.

Carter & Stiernberg, of Harlingen, Tex., for plaintiff.

Kent, Brown & George, of Harlingen, Tex., for defendants R. D. Teague and Henry C. Teague.

HANNAY, District Judge.

In this case, there is now before the court motion for judgment of the plaintiff, W. A. McLeod, and motion of defendants, R. D. Teague and Henry C. Teague (the only defendants remaining in the case), to set aside the jury verdict filed herein.

### Findings of Fact.

The parties hereto have stipulated as follows:

"1. The property involved in this suit is described as follows:

"All of Lots Thirteen (13) and Fourteen (14) containing Eighty (80) acres of land,

more or less, in and of Section or Block No. Twelve (12) of Narcisso Tract No. 4 in Willacy County, Texas, as more fully shown by the recorded plat of said subdivision.

"2. Plaintiff and defendants claim title to said property through and under Charles A. McLeod as a common source of title.

"3. In each instrument described below where the term 'filed' is used and the date of filing is given, same refers to and means that such instrument was properly filed on such date in the Office of the County Clerk of Willacy County, Texas, and was recorded by said Clerk in the proper records of said County in the volume and on the page indicated after the word 'recorded.' Each instrument, described below, unless otherwise shown herein, was properly executed, acknowledged, filed and recorded.

"4. By Deed dated March 25, 1931, filed and recorded on May 26, 1931, recorded in Volume 10, Pages 603–05, Deed Records, Baynard Bros., Inc. granted, sold and conveyed to said Charles A. McLeod all the above-described property, and said deed contained a general warranty clause.

"5. By General Warranty Deed dated October 10, 1936, filed and recorded October 19, 1936, recorded in Volume 17, page 12 of the Deed Records of Willacy County, Texas, said Baynard Bros., Inc. conveyed the above-described property to Charles A. McLeod. Said deed is a Correction Deed and given to confirm and correct the deed dated March 25, 1931, above described. Said deed contained a general warranty clause.

"6. By General Warranty Deed dated July 8, 1935, filed and recorded August 6, 1935, and duly recorded in the Deed Records of Willacy County, Texas, said Charles A. McLeod, a single man, granted, sold and conveyed the above-described property to W. A. McLeod, the plaintiff herein.

"7. Since said property was conveyed to W. A. McLeod by said deed dated August 6, 1935, he has never conveyed the same nor disposed of it to anyone.

"8. On November 16, 1938 the State of Texas as plaintiff, in its own behalf and in behalf of Willacy County, Texas, Road District No. 3, and any and all subdivisions of said county in which the above-described land is situated, filed a suit, being its original petition for delinquent taxes against said property for the years 1935 to 1939, inclusive, naming therein as defendants, Charles A. McLeod and Baynard Bros., Inc. a corporation. Said suit was filed in the Criminal District Court of Willacy County, Texas, and was styled 'The State of Texas v. Charles A. McLeod, et al'.

"9. On January 15, 1941, the State of Texas, for itself, and in behalf of the other parties named in the original petition, filed its first amended original petition in said suit No. 1459, naming as defendants therein, Charles A. McLeod and Baynard Bros., Inc.

"10. On November 17, 1938, a Nonresident Notice was issued by the Clerk in said Cause No. 1459, addressed to Charles A. McLeod, and was served upon the said Charles A. McLeod on November 19, 1938 in the State of Florida.

"11. On November 17, 1938, a Nonresident Notice was issued by the Clerk of said Court in said Cause No. 1459, addressed to Baynard Bros., Inc. a corporation, and was served upon Baynard Bros., Inc. in the State of Florida on November 22, 1938.

"12. On December 9, 1938, Raymondville Independent School District filed its Original Plea of Intervention in said Cause No. 1459, suing for taxes due it for 1936 and 1937.

"13. On January 14, 1941, Raymondville Independent School District filed its first amended original plea of intervention in said Cause No. 1459, setting up its claim for taxes for the years 1936 to 1939, inclusive.

"14. On February 20, 1939, Willacy County Water Control and Improvement District No. 1 filed its Original Plea of Intervention in said Cause No. 1459, setting up its claim for bond taxes on said land for the year 1937.

"15. On December 30, 1940, Willacy County Water Control and Improvement District No. 1 filed its first amended plea of intervention in said Cause No. 1459, set-

ting up its claim for bond taxes for the years 1937, 1938 and 1939.

"16. No other pleadings were filed by any of the parties in said Cause No. 1459.

"17. W. A. McLeod, the plaintiff in this suit, was not named as a defendant in any of the pleadings in said Cause No. 1459.

"18. On March 28, 1939, the Clerk of said Court issued another Non-resident Notice in behalf of the State of Texas, Raymondville Independent School District and Willacy County Water Control and Improvement District No. 1, addressed to the said Charles A. McLeod, and said Non-resident Notice was served on the said Charles A. McLeod in the State of Florida on April 1, 1939.

"19. No citation by publication was ever issued or served on any of the defendants or other parties in said Cause No. 1459.

"20. A Notice of filing suit for delinquent taxes executed by the State of Texas by and through Robinson & Crowell, attorneys for the State of Texas, was addressed to the Tax Collector of Willacy County Water Control and Improvement District No. 1. Said Notice was mailed by registered mail, as required by law, to said water district on November 17, 1938. An executed copy of same has been among the Court papers in said Cause No. 1459 at all times since the mailing of same. Said Notice recites that the above-described property is assessed in the name of W. A. McLeod, and recites that Charles A. McLeod and Baynard Bros., Inc. are the defendants in said tax suit.

"21. A similar Notice of filing suit for delinquent taxes executed by the State of Texas, through the same attorneys, and addressed to the Tax Collector of the Raymondville Independent School District was mailed to said Raymondville Independent School District by registered mail, as required by law, on November 17, 1938, and a copy of same has been among the Court papers at all times thereafter. Said Notice recites that the above-described property is assessed in the name of W. A. McLeod and that the State of Texas is plaintiff in said suit for foreclosure of tax lien on said property and that Charles A. McLeod and Baynard Bros., Inc. are defendants.

"22. On January 15, 1941, the District Judge of the Criminal District Court of Willacy County, Texas, rendered a Judgment in favor of the State of Texas in Cause No. 1459, for the sum of $296.30, and in favor of Raymondville Independent School District for the sum of $123.92, and in favor of said Water District for the sum of $270.17, or a total of $690.39, together with all costs of suit and for the foreclosure of a tax lien for said amounts against the above-described property and fixed the adjudged value of said land at $4,000.00. In said Judgment the Court recited that the State of Texas, in its own behalf and in behalf of Willacy County, Texas, and Road District No. 3, is plaintiff, and that Charles A. McLeod and Baynard Brothers, Incorporated, are defendants, and that Raymondville Independent School District and Willacy County Water Control and Improvement District No. 1 are intervenors. Said Judgment does not designate W. A. McLeod as a defendant, either directly or by implication, or as a member of any class. Likewise, said Judgment does not designate as defendants 'all parties owning, having, or claiming any interest in the land or lots described' in said Judgment, nor does said Judgment contain any similar phrase so as to include anybody besides Charles A. McLeod and Baynard Brothers, Incorporated, as defendants. Said Judgment does not name anyone, either by name or as members of a class, or by a general description as defendants, except the said Charles A. McLeod and Baynard Brothers, Incorporated.

"23. On June 4, 1941, the Clerk of said Court issued an Order of Sale under said Judgment in said Cause No. 1459, Said Order of Sale designated Charles A. McLeod and Baynard Brothers, Incorporated, as the defendants, and did not mention W. A. McLeod by name, or by implication, or as a member of a class, as a defendant.

"24. Under said Order of Sale, the Sheriff of Willacy County, Texas, issued and published a Notice of Sale, designating Charles A. McLeod and Baynard Bros., Inc. as the only defendants. Said Notice of Sale did not name W. A. McLeod by name or by implication, or as a member of a class, as a defendant in said Judgment.

Said Notice of Sale recited that the Sheriff would proceed to sell 'all the right, title and interest of Charles A. McLeod and Baynard Bros., Inc.' in and to the above-described property. It did not recite that the Sheriff would sell any interest of W. A. McLeod in and to said property.

"25. On the back of said Order of Sale, the Sheriff endorsed his return that he had sold said property at public sale to 'plaintiff and intervenors * * * for the sum of judgment and costs.'

"26. Uncertified copies of all of the above proceedings in said Cause No. 1459 are now in the possession of attorneys for plaintiff herein, and any and all of said photostatic copies may be introduced in evidence by either party.

"27. Solely under the authority of said Order of Sale in Cause No. 1459, the Sheriff of the County of Willacy, Texas, executed, acknowledged and delivered his Deed dated July 1, 1941, and filed for record August 14, 1941, in Volume 25, page 78 of the Deed Records of Willacy County, Texas, whereby he purported to bargain, sell and convey unto the State of Texas in its own behalf, and in behalf of Willacy County, Texas, in trust, for the use and benefit of itself and Raymondville Independent School District and Willacy County Water Control and Improvement District No. 1, and their assigns, 'all the right, title and interest of the said Charles A. McLeod and Baynard Brothers, Incorporated, in and to the property, containing 80 acres of land.'

"28. By Deed dated January 21, 1944, filed and recorded January 25, 1944, recorded in Volume 29, page 576 of Deed Records of Willacy County, Texas, 'the duly elected and qualified Commissioners, Tax Collector and Assessor and County Judge of Willacy County, Texas, for the State of Texas and County of Willacy, Raymondville Independent School District, by and through its President of the Board of Trustees, and Willacy County Water Control and Improvement District No. 1, by and through its President of the Board of Directors for a recited consideration of $1300.00, purported to bargain, sell and convey unto G. W. McDougald, all the right,

title and interest of the above-described units, and of Charles A. McLeod and Baynard Bros., Inc. in said property which they had at the date of said Judgment, together with all and singular the rights, privileges and appurtenances thereto belonging' in and to the eighty acres of land above described. Said Deed is signed by R. D. Teague, Commissioner of Precinct No. 1 and the three other County Commissioners of Willacy County, Texas, and by the County Judge and Tax Assessor and Collector of said County, and by said School District, by R. E. Harding, President of its Board of Trustees, and by said Water District, by the President of its Board of Directors, and is acknowledged by all these officers. The acknowledgements to said Deed were taken on January 21 and January 24, 1944.

"29. By general warranty deed dated January 26, 1944, filed for record January 27, 1944, recorded in Volume 29, page 594, of the Deed Records of Willacy County, Texas, G. W. McDougald and wife purported to grant, sell and convey to R. D. Teague an undivided three-fourths interest and to Henry C. Teague an undivided one-fourth interest in and to the 80 acres of land above described. Said Deed recites that it conveys 'all the interest acquired by a deed from the County Judge, etc.' being the deed to G. W. McDougald, above mentioned.

"30. By royalty deed dated June 22, 1944, filed for record June 23, 1944, and recorded in Volume 31, page 141, of the Deed Records of Willacy County, Texas, R. D. Teague, joined by his wife, and Henry C. Teague, purported to grant, sell and convey to the defendant, John R. Campbell, an undivided one-half interest in and to all of the oil royalty, gas royalty and royalty in casing head gas, gasoline, and royalty in other minerals in and under the above-described 80 acres of land, for a period of twenty years, and as long thereafter as oil, gas and other minerals were being produced under said land.

"31. The defendants, R. D. Teague, Henry C. Teague and John R. Campbell claim title to said eighty acres of land solely under and by virtue of the proceedings in said tax suit No. 1459, and the said

deed to G. W. McDougald and the said deed from G. W. McDougald to R. D. Teague and Henry C. Teague, and the said deed from the said Teagues to said John R. Campbell.

"32. All of the $1300.00 consideration paid by G. W. McDougald for the said deed to him was furnished by the said R. D. Teague and Henry C. Teague in the proportion of three-fourths by R. D. Teague and one-fourth by Henry C. Teague, and the said G. W. McDougald attempted to take title to said property solely as Trustee for R. D. Teague and Henry C. Teague, and not for himself.

"33. The defendant, R. D. Teague was a County Commissioner of Willacy County, Texas, and as such, was a member of the Commissioners' Court of Willacy County, Texas, at all times from Jan. 1, 1939 to Jan. 1, 1945.

"34. The defendant John R. Campbell has been County Tax Assessor and Collector of Willacy County, Texas, continuously from Jan. 1, 1941, to this date.

"35. Henry C. Teague is a son of R. D. Teague.

"36. The said G. W. McDougald was City Marshall of the City of Raymondville, Texas, from 1927 to the present date.

"37. The attorneys for plaintiff have in their possession Abstract No. 1431 prepared by A. B. Crane Abstract Company, and Abstract No. 2003-S prepared by Security Abstract Company, purporting to show title to the above-described property, and all parties agree that either party may introduce in evidence any instrument from said abstracts without proving its execution and without the necessity of any notice or the filing of a certified copy of said instrument, just as if the original of such instrument properly proven were before the court and being offered in evidence.

"38. In each place where W. A. McLeod is mentioned in this stipulation, or in said abstracts, such name refers to the plaintiff herein. Likewise, the names R. D. Teague, Henry C. Teague, and John R. Campbell, mentioned in this stipulation and in the instruments in said abstracts, refer to the defendants herein.

"39. Charles A. McLeod, the party named as a defendant in Cause No. 1459, and mentioned in this stipulation and in said abstracts, was the brother of W. A. McLeod, and died intestate on the 20th day of January, 1940. A certified copy of petition for Non-Administration on the Estate of Charles A. McLeod (in the possession of plaintiff's attorneys) may be introduced in evidence by either party.

"40. An exemplified copy of an Order on the Estate of N. L. McLeod (a brother of said Charles A. McLeod), said instrument being in the possession of plaintiff's attorneys, may be introduced in evidence by either party.

"41. All the parties who have filed disclaimers in this suit based their claim solely by and through the defendants, R. D. Teague, Henry C. Teague and John R. Campbell.

"42. All or any part of this stipulation may be offered in evidence by either party; however, it is not contemplated that this is all the evidence in the case, and either party shall be free to offer any other evidence not embraced herein.

"43. Counsel for plaintiff have in their possession the following instruments:

"(a) Quit Claim Deed from W. T. and L. W. Baynard, being a majority of the Directors, and as such, Trustees for the stock-holders of Baynard Brothers, Inc., to W. A. McLeod dated June 23, 1945. Said Baynard Brothers, Inc. is a dissolved Florida corporation.

"(b) Farm Lease between W. A. McLeod, by George R. Lochric and J. T. and M. F. Hayes, dated February 15, 1940.

"44. Either party may introduce in evidence either of the above instruments, if otherwise admissible, without proving the execution of such instruments.

"45. By instrument dated October 31, 1927, filed for record April 17, 1928, and recorded in Volume 4, page 281-4, of the Deed of Trust Records, Willacy County, Texas, Baynard Brothers, Inc. granted, bargained, sold and conveyed to L. D. Snow, Sheriff of Willacy County, Texas, Trustee, and to his successors in trust, all the above described property, said conveyance was in trust, upon the following con-

ditions, to-wit: If the said Baynard Brothers, Inc., well and truly pay off and discharge according to the tenor and effect thereof one promissory note made by it, payable to the order of W. A. McLeod (and fully described in said Deed of Trust), then the said conveyance shall become null and void and the lien of said Trust Deed shall be truly released at its expense. Said instrument contained all the usual and customary provisions of a standard form Deed of Trust in Texas.

"46. By instrument dated August 4, 1935, filed for record August 6, 1935, and duly recorded in the office of the County Clerk of Willacy County, Texas, the said W. A. McLeod, joined by said L. D. Snow, Trustee, released said deed of trust to the said Baynard Brothers, Inc.

"47. Neither Charles A. McLeod nor Baynard Brothers, Inc., nor any one else, ever filed any answer in said tax suit No. 1459, but judgment abovementioned in said tax suit was a default tax judgment."

On the trial of the case additional testimony was offered by both parties, and the following questions were submitted to the jury:

"Question No. 1: Do you find from a preponderance of the evidence that R. D. Teague and Henry C. Teague were possessors of the land in question in good faith?

"Good Faith is established by evidence tending to show that the improvements were made by one believing himself to be the owner of the land, with such grounds for such belief as would ordinarily be satisfactory to one unlearned in the law, but of ordinary intelligence, after proper inquiry.

"Question No. 2: What do you find from a preponderance of the evidence to be the value at the time of the trial of such improvements, if any, as were made before the filing of this suit on June 18, 1945, not exceeding the amount to which the value of the premises is actually increased thereby?

"Question No. 3: From a preponderance of the evidence what do you find was the value, if any, of the use and occupancy of the premises during the time R. D. Teague

and Henry C. Teague have been in possession thereof (exclusive of the improvements thereon made by them)?

"Question No. 4: From a preponderance of the evidence, what do you find to be the value of the premises in question, without the improvements aforesaid?"

The jury answered Question No. 1 "No", and did not answer the other questions submitted.

As indicated above, the defendants, Teague, offered proof of the amount of improvements made by them upon the land in question, also of the taxes paid, both at the time of the attempted purchase of the land and subsequent thereto.

### Conclusions of Law.

I find as a matter of law that the sale to the Teagues was a void sale inasmuch as the record owner (plaintiff herein) was not sued, and that, therefore, such sale to defendants could not be made the basis for claim for improvements in good faith, plead and attempted to be proved by them. Also, the jury, as above detailed, expressly held that such purchase by R. D. Teague and Henry C. Teague was not made in good faith.

With regard to the taxes paid by the defendants Teague, the Supreme Court of Texas, speaking through Justice Gaines, in McCormick v. Edwards, 1887, 69 Tex. 106, S.W. 32, 33, said:

"As a general rule, where property is sold for the purpose of satisfying a lien, and the sale is set aside, the purchaser becomes subrogated to the rights of the lienholder, and may enforce, for his own benefit, the lien against the property. French v. Grenet, 57 Tex. 273; Howard v. North, 5 Tex. 290, 51 Am.Dec. 769. This is called by an eminent text writer an 'equitable assignment' (3 Pom.Eq.Jur. § 1211, and note 1;) but it seems that our courts hold that a void tax deed carries with it no equities. Robson v. Osborn, 13 Tex. 298; Pitts v. Booth, 15 Tex. 453. After a careful research, we have found no case in which a purchaser at a void tax sale has, without the aid of a statute, been permitted to recover even the taxes lawfully assessed upon the land and paid by his purchase.

"It would seem equitable that he should at least recover the taxes which the land-owner ought to have paid, and which he failed to pay. Many states have according-ly passed statutes regulating this subject, and giving the relief indicated; so far as we have been able to discover, whenever this relief has been given or sanctioned by a court of the last resort, it has been by virtue of statutory law. Flinn v. Parsons, 60 Ind. 573; Everett v. Beebe, 37 Iowa 452; Pettit v. Black, 8 Neb. 52; Hart v. Henderson, 17 Mich. 218; Hosbrook v. Schooley, 74 Ind. 51; Brown v. Evans, 15 Kan. 88; Coats v. Hill, 41 Ark. 149. See, generally, 2 Desty, Tax'n p. 1010, § 157 et seq. It is held in California that the pur-chaser, if the sale be void, has no remedy, (Harper v. Rowe, 53 Cal. 233;) and also in Tennessee (Ross v. Mabry, 1 Lea 226. See, also, authorities there cited.) We con-clude, therefore, that appellant was not en-titled to recover of appellee either the pur-chase money or the taxes upon the land. Neither was plaintiff entitled to recover the money paid to redeem the land from the sale to the state for taxes made pre-vious to his purchase. Having no title to or lien upon the land by virtue of his tax purchase and deed, his payment to the state must be deemed the voluntary pay-ment of a stranger, which entitles him to no equity. Sheld. Subr. § 41.

"There being no error in the judgment, it is affirmed."

No such statute, as suggested by Judge Gaines, has ever been enacted in Texas.

In this same connection, see Mumme v. McCloskey, 28 Tex.Civ.App. 83, 66 S.W. 853, error refused.

In the case of Burkhardt v. Lieberman, 138 Tex. 409, 159 S.W.2d 847, the Supreme Court of Texas adopted an opinion writ-ten by then Commissioner Brewster (now Justice Brewster), and at pages 853, 854 of 159 S.W.2d held: "One who pays taxes due on property of another, without any request by the debtor or any contractual right so to do or any joint liability there-for, is a volunteer and is not entitled to reimbursement. So it has been held that one holding a mortgage can recover taxes paid to protect his lien provided he includes the same in the amount for which he fore-closes, otherwise he has no right to reim-bursement. Stone et al. v. Tilley et al., 100 Tex. 487, 101 S.W. 201, 10 L.R.A.,N. S., 678, 123 Am.St.Rep. 819, 15 Ann.Cas. 524. One who takes a deed to the home-stead knowing it is only a mortgage and pays taxes due thereon has no lien. Toler et al. v. Fertitta [Tex.Com.App., 67 S.W.2d 229]. Likewise, one holding the land un-der a void tax deed is not subrogated to the lien nor is he entitled to a personal judg-ment for taxes paid by him, because he is a mere trespasser. Mumme v. McCloskey, 28 Tex.Civ.App. 83, 66 S.W. 853, error re-fused. One buying at a tax sale under foreclosure where the record owner is not made a party is not entitled to reimburse-ment because, having constructive notice that the title is in another, he is not con-sidered as acting in good faith. American Realty Corporation v. Tinkler, Tex.Civ. App., 107 S.W.2d 627, error refused. See, also, Young v. Harbin Citrus Growers, Tex. Civ.App., 130 S.W.2d 896, error refused. These principles apply to taxes accruing and paid subsequent to the void deed as well as to those recovered by means of the sale. McCormick v. Edwards, 69 Tex. 106, 6 S.W. 32."

By reason of the above cited and quoted authorities of the Appellate Courts of Texas, I overrule defendants' motion to set aside the verdict of the jury and for new trial, because, under the clear and set-tled law of Texas, as it now exists, plain-tiff, W. A. McLeod, is entitled to judgment in his favor, including court costs. I fur-ther find that defendants recover nothing for either the taxes paid or the improve-ments made by them on plaintiff's land.

Let judgment consistent with these find-ings be presented.