Henry Lee TAYLOR, Appellant,

v.

Norma NAGEL, Appellee.

No. 13426.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 21, 1959.

Henry Lee Taylor, San Antonio, for appellant.

L. D. Hill, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Henry Lee Taylor against Norma Nagel and husband for the amount of taxes owed by Norma Nagel upon Lot No. 20, Block 4, New City Block 3858, in the City of San Antonio, for the purpose of reviving the judgment and re-establishing the liens to secure same, which the City of San Antonio, San Antonio Independent School District, Bexar County, and the State of Texas had for said taxes, and for foreclosure of such liens. The suit is based upon the judgment rendered in favor of each of said taxing units against Normal Nagel et al., in Cause No. C-11551, in the 37th District Court of Bexar County. Appellant, Taylor, alleges that on August 5, 1946, the City of San Antonio and the other taxing units ob-

tained judgment against Norma Nagel for taxes aggregating $561.25, plus interest, penalties and costs, and establishing liens against the lot to secure said amount and adjudging foreclosure of said liens. An order of sale was thereafter issued and an attempt was made to sell said lot on October 2, 1946, at Sheriff's Sale, to the City of San Antonio for itself and for the benefit of the other taxing units which held the said judgment. Thereafter, on October 24, 1946, appellant attempted to buy the property from the City of San Antonio, acting for itself and as trustee for the other taxing units. He received a quitclaim deed from the City and paid therefor the sum of $802.25, which was the aggregate amount of the judgment for taxes, principal, interest, penalties, costs of court and costs of sale, plus $1 recording fees.

Thereafter, on April 6, 1950, appellant filed suit in the 73rd District Court of Bexar County in the statutory form for trespass to try title, and included in this suit a plea for subrogation for the money paid out by him, together with a lien against the lot in the event it should be held that he did not have good title to the lot. This suit was tried and appealed to this Court. Nagel v. Taylor, 275 S.W.2d 561. The appeal resulted in a judgment that Taylor take nothing, this Court holding that the deed from the Sheriff to the City of San Antonio was void.

Thereafter, on September 26, 1956, appellant filed the present suit in the 45th District Court of Bexar County, seeking the relief hereinabove set forth. The trial was to the court without the intervention of a jury and resulted in judgment that appellant take nothing, from which judgment he has prosecuted this appeal.

The question here presented is whether the first judgment is res judicata of the relief sought by appellant in the present cause. The record shows that in the first cause appellant, in addition to trespass to try title, also asked for subrogation in the following language:

"Wherefore, plaintiff prays that upon trial hereof he have judgment against defendants for the title and possession of the above described property and in the alternative if it be found that he is not entitled to such title and possession that he have judgment for the sum of $800.00 for taxes paid and that he be adjudged to be subrogated to the judgment for taxes and the tax liens of the City of San Antonio, San Antonio Independent School District, Bexar County, Texas, and the State of Texas, for the amount of said taxes together with interest at 6% per annum from August 5, 1946, being the date of said judgment, until paid and for $29.90 as costs of suit in cause No. C-11,551 and in this cause and for damages in the sum of Five Hundred and No/100 ($500.00) and for such other and further relief, special and general, in law and in equity, to which he may show himself justly entitled."

The adverse judgment against appellant in the first cause is res judicata of the issues he attempts to present here. Cochran County v. Boyd, Tex.Civ.App., 26 S.W.2d 364; 26 Tex.Jur. p. 55, § 374, p. 135, § 418.

It is true that we did not discuss the question of subrogation in our opinion in Nagel v. Taylor, supra, but this was due to the fact that appellee in that case did not bring the matter before us by making and briefing cross-points.

■ However, whether the matter is barred by res judicata or not, under the facts in this case, appellant was not entitled to recover upon the theory of subrogation. The sale from the Sheriff to the City of San Antonio of Lot No. 20, Block 4, New City Block 3858, was void. The City conveyed to appellant by quitclaim deed without any warranty. Appellant was not a purchaser at a tax sale. Under such circumstances the doctrine of caveat emptor applies, and appellant got no greater title than the City had at the time, which was

no title. McCormick v. Edwards, 69 Tex. 106, 6 S.W. 32; American Realty Corp. v. Tinkler, Tex.Civ.App., 107 S.W.2d 627.

The judgment is affirmed.